Loan Number: 0054026695 - 9504

# ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY. THIS LOAN HAS A PREPAYMENT PENALTY PROVISION.

November 7, 2003　　　　　　　　　Orange　　　　　　　　　CA
Date　　　　　　　　　　　　　　　City　　　　　　　　　　State

11201 EAST HASH KNIFE CIRCLE, TUCSON, AZ 85749
Property Address

1. **BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 377,600.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **Argent Mortgage Company, LLC.**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **8.100 %**. This interest rate I will pay may change in accordance with Section 4 of this Note. The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3. **PAYMENTS**
   (A) **Time and Place of Payments**
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on **January 1, 2004**.
   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **December 1, 2033**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my payments at:　　**505 City Parkway West, Suite 100, Orange, CA 92868**

   or at a different place if required by the Note Holder.
   (B) **Amount of My Initial Monthly Payments**
   Each of my initial monthly payments will be in the amount of U.S. $ **2,797.07**. This amount may change.
   (C) **Monthly Payment Changes**
   Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   (A) **Change Dates**
   The interest rate I will pay may change on the first day of, **December, 2005** and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
   (B) **The Index**
   Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the date 45 days before the Change Date is called the "Current Index."
   If at any point in time the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.
   (C) **Calculation of Changes**
   Before each Change Date, the Note Holder will calculate my new interest rate by adding **six and one-half** percentage point(s) (**6.500%**) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eight of one percent (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

Initials: _____

201-1UNIV (Rev. 01/03)
1 of 3
11/07/2003 4:27:06 PM

Case 4:09-bk-09703-EWH    Doc 39-1    Filed 01/05/10    Entered 01/05/10 02:22:59    Desc
Exhibit A EXHIBIT THROUGH Page 1 Page 1 of 11
X A

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **10.100** % or less than **8.100**%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One** percentage point(s) **1.000%**) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **14.100** % or less than **8.100** %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. PREPAYMENT PRIVILEGE**

I may repay all or any part of the principal balance of this Note in accordance with the terms of this Section. A "prepayment" is any amount that I pay in excess of my regularly scheduled payments of principal and interest that the Lender will apply to reduce the outstanding principal balance on this Note in accordance with this Section.

**(A) Prepayment Made Two (2.00) year(s) After the Date of this Note**

I will not have to pay a prepayment charge if I make a prepayment on the Two (2.00) year anniversary of the date this Note is executed, or at any time thereafter.

**(B) Prepayment Made Within Two (2.00) year(s) of the Date of this Note**

I will pay Lender a prepayment charge if, in any twelve (12) month period before the Two (2.00) year anniversary of the date this Note is executed, I prepay more than 20% of the original principal balance of this Note. The prepayment charge will be six (6) months interest, at the rate then in effect on this Note, on the amount in excess of 20% of the original principal balance that I prepay within such 12 month period.

**(C) Application of Funds**

I agree that when I indicate in writing that I am making a prepayment, the Lender shall apply funds it receives first to pay any prepayment charge and next in accordance with the order of application of payments set forth in Section 2 of the Security Instrument.

**(D) Monthly Payments**

If I make a prepayment of an amount less than the amount needed to completely repay all amounts due under this Note and the Security Instrument, my regularly scheduled payments of principal and interest will not change as a result.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payment**

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. The date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given notice of that different address.

201-2UNIV (Rev. 01/03)     2 of 3     Initials: _____

11/07/2003 4:27:06 PM

Case 4:09-bk-09703-EWH    Doc 39-1    Filed 01/05/10    Entered 01/05/10 02:27:49    Desc
Exhibit A EXHIBIT THROUGH G Page 2 Page 2 of 11     X A


Loan Number: 0054026695 - 9504

9. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition, to the protections given to the Note Holder under this Note, A Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That the Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without the Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonable determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition of Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Oral agreements, promises or commitments to lend money, extend credit, or forbear from enforcing repayment of a debt, including promises to extend, modify, renew or waive such debt, are not enforceable. This written agreement contains all the terms the Borrower(s) and the Lender have agreed to. Any subsequent agreement between us regarding this Note or the instrument which secures this Note, must be in a signed writing to be legally enforceable.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)    _____(Seal)
Borrower  ANTHONY TARANTOLA                Borrower


_____(Seal)    _____(Seal)
Borrower                                   Borrower

# ALLONGE TO PROMISSORY NOTE

Pima, County, AZ
AZ-09-15363

Loan #: 0054026695-9504
Borrower: Anthony Tarantola, a Married Man, as his Sole and Separate Property
Date of Note: 11/07/2003
Loan Amount: $377,600.00
Property Address: 11201 East Hashknife Circle, Tucson, AZ 85748

For value received, I hereby transfer, endorse and assign the within Note and Deed of Trust/Mortgage securing the same, so far as the same pertains to said Note.

Pay to the order of: **Deutsche Bank National Trust Company, as Trustee in trust for the benefit of the Certificateholders for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8**

**WITHOUT RECOURSE** and without representation or warranty except as set forth in that certain Assignment of Note and Mortgage.

_____
*Signature of authorized agent (transferor/endorser)*

_____Kathy Smith_____
*Printed Name*

Title: Assistant Secretary and Vice President
Company Name: Argent Mortgage Company, LLC
Company Address: One City Boulevard West, Orange, CA 92868
Telephone: _____

| Document Prepared By: | The Space Above is Reserved for Recorder's Use Only | AZaosi-eR2.0  10/05/2009 |
| --- | --- | --- |
| Ron Meharg, 888-362-9638 | | 2009 (c) by DOCX LLC |
| When Recorded Return To: | AHCIT    647 | 127335840 |
| DOCX | | |
| 1111 Aderman Dr. | Property Address: | |
| Suite 350 | 11201 EAST HASH KNIFE CIRCLE | |
| Alpharetta, GA 30005 | TUCSON, AZ 85749 | |

CRef#:11/23/2009-PRef#:A058-POF
Date:11/11/2009-Print Batch ID:9112



## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, American Home Mortgage Servicing, Inc., as servicer for Argent Mortgage Company, LLC, whose address is 1100 Town & Country Rd., Orange, CA 92868, does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto Deutsche Bank National Trust Company, as Trustee in trust for the benefit of the Certificateholders for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8, whose address is 1761 East St. Andrew Place Santa Ana, CA 92705-4934, the following described mortgage or deed of trust, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage or deed of trust..

Original Borrower(s): ANTHONY TARANTOLA, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY
Original Mortgagee/Beneficiary: ARGENT MORTGAGE COMPANY, LLC
Date of Mortgage/Deed of Trust: 11/07/2003      Loan Amount: $377,600.00
Recording Date: 12/23/2003    Book: 12203    Page: 3044 Document #: 20032460627
Misc. Comments: ASSIGNMENT EFFECTIVE DATE 11/12/2009

LEGAL DESCRIPTION:
LOT 328, OF BEL AIR RANCH ESTATES ACCORDING TO THE MAP RECORDED IN BOOK 22 OF MAPS, PAGE 57, RECORDS OF PIMA COUNTY, ARIZONA
and recorded in the official records of the County of Pima, State of Arizona affecting Real Property and more particularly described on said Mortgage or Deed of Trust referred to herein.

IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on this date of 11/12/2009.

American Home Mortgage Servicing, Inc., as servicer for Argent Mortgage Company, LLC

_____
Cheryl Thomas
Vice President & Asst Secretary

_____
Tywanna Thomas
Vice President & Asst Secretary

State of GA
County of Fulton

On this date of **11/12/2009**, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named **Cheryl Thomas** and **Tywanna Thomas**, known to me (or identified to me on the basis of satisfactory evidence) that they are the **Vice President & Asst Secretary** and **Vice President & Asst Secretary** respectively of **American Home Mortgage Servicing, Inc., as servicer for Argent Mortgage Company, LLC**, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

_____
Notary Public: Brittany Snow
My Commission Expires: 05/21/2011



Brittany Snow
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
May 21, 2011



08-050221

### LIMITED POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS, that Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-1 Mortgage-Backed Pass-Through Certificates, Series 2007-1, having a place of business at 1761 East Street, Andrews Place, Santa Ana, CA 92705, present holder of a mortgage given by Bruce G. Blanchard to Mortgage Electronic Registration Systems, Inc. acting solely as nominee for American Brokers Conduit, dated November 21, 2006 and recorded at Hampshire County Registry of Deeds in Book 8956, Page 1, does hereby constitute and appoint SANJIT S. KORDE, JULIE A. RANIERI, SUSAN W. CODY, RACHEL ANN MORIN, LAWSON WILLIAMS, RACHELLE WILLARD, JOHN S. MCNICHOLAS, ERIC J. NATICCHIONI, AND/OR GAYLE GLEASON, each of Chelmsford, Middlesex County, Massachusetts, each as its true and lawful attorney, for it and in its name, place and stead, for the purposes of foreclosing the above mortgage for breach of conditions thereof and for that purpose to do each and all necessary acts, including without limitation:
1. To sign, endorse, execute, acknowledge and deliver all Affidavits; Certificates; Notices of Extension; court pleadings; Memoranda of Sale and any other necessary documents; hereby ratifying any such acts heretofore taken;
2. To sell at public sale the real estate which is subject to the above-referenced mortgage for the purpose of foreclosing the mortgage;
3. To make entry on and take possession of, on behalf of the present Mortgagee, the real estate which is the subject of the above-referenced mortgage for purposes of foreclosing the mortgage and/or collecting rents;
4. To commence eviction proceedings in connection with the real estate which is the subject of the above-referenced mortgage being foreclosed upon by the present Mortgagee.

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-1 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-1 FURTHER RATIFIES ANY AND ALL PREVIOUS ACTIONS TAKEN BY SANJIT S. KORDE, JULIE A. RANIERI, SUSAN W. CODY, RACHEL ANN MORIN, LAWSON WILLIAMS, RACHELLE WILLARD, JOHN S. MCNICHOLAS, ERIC J. NATICCHIONI, AND/OR GAYLE GLEASON WITH REGARD TO THE ABOVE MORTGAGE.**

IN WITNESS WHEREOF, the said Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-1 Mortgage-Backed Pass-Through Certificates, Series 2007-1 aforesaid has caused its corporate seal to be hereto affixed and these presents to be signed and acknowledged in its name and behalf By its Attorney in Fact, American Home Mortgage Servicing, Inc. thereunto duly authorized on __October 23, 2009__.

        Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-1 Mortgage-Backed Pass-Through Certificates, Series 2007-1
        By its Attorney in Fact, American Home Mortgage Servicing, Inc.

By: _/s/ Kathy Smith_
Its: Assistant Secretary

State of __Florida__
County of __Duval__

On __10/23/09__ before me, __Ann Gant__, personally appeared __Kathy Smith__ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of __Florida__ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_/s/ Ann Gant_
Notary Public
My commission expires:

ANN GANT
Notary Public - State of Florida
My Commission Expires Jun 5, 2012
Commission # DD 795039
Bonded Through National Notary Assn.

Property Address: 18 Lathrop Street, South Hadley, MA 01075

ATTEST. HAMPSHIRE, _Marianne L. Donohue_, REGISTER
MARIANNE L. DONOHUE

**M E M O R A N D U M**

TO: All Attorneys who file **Motions for Relief from Stay**

FROM: Judge Pat E. Morgenstern-Clarren

DATE: February 12, 2008

SUBJECT: Tips for How a Motion for Relief from Stay Can Proceed Smoothly Through the Court

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A growing number of motions for relief from stay are being filed that are deficient in some respect. My practice is to adjourn such motions once by order identifying the deficiency and giving the creditor an opportunity to amend the motion. If the amended motion is still deficient, the motion is denied without prejudice.

It would be in everyone's best interest if the motions are correct when filed the first time. To that end, I thought it might be helpful to identify some of the more common errors that cause the court to adjourn or deny the motions:

1. The motion is not in the form approved by the judges and reflected in General Order 99-1.

2. The motion has blanks where the attorney has set up his or her computer to indicate the attorney should insert information, but no information is inserted.

3. The name of the creditor in the caption is different from the name of the creditor in the first paragraph.

4. The motion states that the movant made the loan, but the documents show that another entity made the loan.

5. A payment history is attached that resembles hieroglyphics.

6. With respect to any "extra charges" on the worksheet:

   a. the worksheet says there are none, but then includes inconsistent language stating that certain expenses are continuously accruing;

b. the worksheet deletes the language requiring the attorney to ==attach a payment and loan transfer history==;

   *Very important to save an entire first set of discovery requests. Will save everyone time effort and expense money. Truly is needed for full candor and honesty to Court and parties.*

c. the worksheet does not have an ==itemization== of the extra charges.

7. The date of the last payment is not listed on the worksheet. Logic dictates that the creditor must know the date on which it last received payment from the debtor.

8. ==A separate transfer history== either is not attached to the worksheet at all or it lists only the last transfer. ==A transfer history should start== with the entity that ==originated== the loan and move ==forward to the present== with ==supporting documentation== of all transfers.

   *SAME COMMENT*

9. The motion states in the caption that it is directed to the debtor, but somewhere along the line in the motion relief is requested against a co-debtor as well. This does not give adequate notice to the co-debtor that his or her rights may be affected. A related issue is a motion that requests relief against a co-debtor without stating the co-debtor's name. Most people do not think of themselves as "co-debtors" and will not realize that relief is being requested against them unless their name is stated.

10. ==The documents do not show that the movant is in the chain of title.==

    *WRONG PARTY IN INTEREST*

Please review these issues with the individuals in your office who participate in preparing motions for relief from stay.

Thank you.