1   Matthew A. Silverman (018919)
2   Jessica R. Kenney (026615)
    **McCarthy ◆ Holthus ◆ Levine**
3   3636 North Central Avenue
    Suite 1050
4   Phoenix, AZ  85012
5   (602) 230-8726

6   Attorneys for Movant,
    Deutsche Bank National Trust Company , as Trustee in trust for the benefit of the
7   Certificateholders for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series
    2004-W8, its assignees and/or successors
8

9                        UNITED STATES BANKRUPTCY COURT
10
                         FOR THE DISTRICT OF ARIZONA
11
                                TUCSON DIVISION
12

13
    In re:                                    ) In Proceedings Under
14                                            )
                                              ) Chapter  13
15  Anthony Tarantola,                        )
                                              ) Case No. 4:09-bk-09703-EWH
16              Debtor.                        )
    _____ ) **RESPONSE TO DEBTOR'S MOTION TO**
17                                            ) **AMEND ADEQUATE PROTECTION**
    Deutsche Bank National Trust Company , as  ) **ORDER AND EMERGENCY MOTION TO**
18  Trustee in trust for the benefit of the    ) **GO FORWARD WITH STAY HEARING**
    Certificateholders for Argent Securities Inc., ) **SET FOR 06/15/2010 @ 1:30 P.M.**
19  Asset-Backed Pass-Through Certificates,    )
    Series 2004-W8, its assignees and/or       )
20  successors,                                )
                                              )
21              Movant,                        )
                                              )
22     v.                                      )
                                              )
23                                            )
    Anthony Tarantola, Debtor; and Dianne C.   )
24  Kerns, Chapter 13 Trustee,                 )
                                              )
25              Respondents.                   )
                                              )
26                                            )
                                              )
27                                            )

28

29

1        Deutsche Bank National Trust Company, as Trustee in trust for the benefit of the

2   Certificateholders for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series

3   2004-W8 ("Movant"), by and through its undersigned attorney, hereby responds to Debtor's

4   Motion to Amend Adequate Protection Order and Emergency Motion to go forward with Stay

5   Hearing.  This response is supported by the Memorandum of Points and Authorities attached

6   hereto and incorporated herein by this reference.

7        DATED:  May 27, 2010

8

9                       **McCarthy ◆ Holthus ◆ Levine**

10

11                 By:  /s/ Jessica R. Kenney
                                          Jessica R. Kenney, Esq.

12                      3636 North Central Avenue
                                          Suite 1050

13                      Phoenix, AZ  85012

14                      Attorneys for Movant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

1. On or about 05/07/2009, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.  Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014. Pursuant to Local Bankruptcy Code 4001(b), Movant sent notice to the Debtor counsel.

3. On or about 11/07/2003, Argent Mortgage Company LLC entered into a contract with Anthony Tarantola wherein Debtor agreed to pay the amount of $2,797.07, or more, on or before the first day of every month, beginning on or about 01/01/2004.  The obligation is evidenced by a Note and secured by a Deed of Trust.

4. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law as Recorders No. 20032460627 in the office of the Pima County Recorder.

5. The original principal amount of the Note was $377,600.00, plus interest, costs and attorneys' fees for collection.  Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $3,828.81.

6. The Debtor have failed to make monthly payments, beginning with the month of 10/01/2008, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges.  Debtor has been in default for 17 months.

7. In response to Debtor's bankruptcy filing on or about December 8, 2009, Movant filed a Motion for Relief from the Automatic Stay.

8.  A preliminary hearing was held on Movant's Motion for Relief from the Automatic Stay in this Court on April 22, 2010.  At the preliminary hearing this Court set this matter for evidentiary hearing on the issue of Standing on June 15, 2010.  The Court further ordered that the Debtor make his regular monthly payment on the Note and the Deed of Trust in the amount of $3,840.90 on the first day of May and June to be held in a Trust account by the Chapter 13

1   Trustee Diane Kerns pending the outcome of the standing litigation. This Order was signed by

2   this Court on May 3, 2010.

3       9. To date, Debtor has not made his May payment and instead on May 16, 2010 filed

4   this Motion to Amend the Court Order after the Debtor was already in Default on the Adequate

5   Protection Order.

6       10. A Notice of Default was sent to Debtor's Counsel pursuant to the terms of the

7   Adequate Protection Order.

8   **II.       LAW AND ARGUMENT**

9   **MOVANT IS ENTITLED TO ADEQUATE PROTECTION PAYMENTS AS ORDERED**

10   **PENDING THE OUTCOME OF THE STANDING LITIGATION**

11       Movant is entitled to adequate protection payments in the form of the regular monthly

12   payment pending the outcome of the evidentiary hearing. This position is supported by a recent

13   case decided by the Ninth Circuit on April 20, 2010.   In fact *In re Aniel*, 2010 Bankr. LEXIS

14   1262 (Bankr. D. Cal. 2010) is dispositive on this point, In *In re Aniel,* the Court found that the

15   Secured Creditor was entitled to adequate protection payments to be held in a trust account

16   pending litigation on standing issues raised by the Debtor were appropriate and that it was also

17   appropriate to lift the automatic stay when the Debtors failed to make the Court ordered

18   adequate protection payments. *Id.*

19       The facts of *In re Aniel* mirror the facts presented in this case.  The Debtors in *In re*

20   *Aniel,* challenged the standing of the secured creditor to bring the Motion for Relief from the

21   Automatic Stay on a rental property.  The Court found that the Debtors' had the right to bring

22   their substantive defense to the Motion for Relief based upon standing but:

23

24   [T]hey must provide adequate protection of Creditor's asserted security interest
     resolution of the issue, particularly as no equity exists in this rental property and no

25   payments have been made for ten months postpetition. 11 U.S.C. §§ 361 and 362(d). . . .
     To continue the automatic stay, however, the court requires Debtors to make the regular

26   monthly payments for December, 2009, and January, 2010, in the total amount of $
     4,865.04, no later than January 11, 2010, and $ 2,432.52 per month thereafter, on the

27   first business day of each month. All payments must be made to Creditor's counsel, who
     shall hold these payments in an interest-bearing trust account pending further order of

28   the court. If Debtors ultimately prevail, these payments plus accrued interest may be

29   returned to them. If Debtors default in making the January 11, 2010 payment and the

monthly payments thereafter, Creditor shall provide written notice to Debtors of the nature of the default. If Debtors fail to cure the default within ten days of the date of the notice, Creditor may file an ex parte declaration of default and upload an order granting it full relief from the automatic stay. Upon receipt of any declaration of default from Creditor, the court may grant full relief from the stay without further hearing. *Id.*

Here, the Debtor has not made a single payment on the Note and Deed of Trust in 17 months. Further, the properties at issue in the *In re Aniel,* were rental properties and the secured creditor's interests could potentially be modified pursuant to11 U.S.C. § 1322(b)(2) but the Court of Appeals upheld the Court's Order for full monthly payments as they came due under the Note and the Deed of Trust pending the outcome of the standing litigation. Here, the property at issue is scheduled as the Debtor's primary residence. Therefore, the Secured Creditor's claim is non modifiable under 11 U.S.C. § 1322(b)(2) and the only form of adequate protection that is appropriate is the full monthly payment on the property as was previously ordered by this Court. Here, as in *In re Aniel,* there is no equity in the property to protect the Movant's security interest. This is a fact that the Debtor has conceded to and emphasized in his pleadings. As discussed in *In re Aniel,* it is patently unreasonable for the Creditor to bear all of the risk and further deterioration of its security interest while the Debtor's standing objection is litigated. This is especially true when the Movant has presented a "colorable claim" for stay relief as discussed, infra. Therefore, this Court's Order requiring adequate protection is appropriate and supported by the law of the Ninth Circuit in the Holding of *In re Aniel,* which is mandatory authority. Movant intends to properly file a Default Declaration executed by Diane Kerns and lodge a form of Order consistent with the Adequate Protection Order entered by this Court on May 3, 2010.

## MOVANT HAS PRESENTED A "COLORABLE CLAIM" FOR STAY RELIEF

In the Ninth Circuit, relief from stay hearings are "limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion." *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985) (overruled on other grounds by *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007)). "*The validity of the claim or contract*

1  *underlying the claim is not litigated* during the hearing." *Johnson*, 756 F.2d at 740 (emphasis

2  added). As noted by the Ninth Circuit BAP in *First Fed. Bank of Cal. v. Robbins (In re*

3  *Robbins)*, 310 B.R. 626, 631 (9th Cir. BAP 2004) (emphasis added).

4      Stay relief hearings do not involve a full adjudication on the merits of claims, defenses,

5  or counterclaims, but simply a determination as to whether a creditor has a colorable claim.

6  Here, Movant has made a "colorable claim" that it has standing that it holds the Note by

7  presenting the Note with an allonge affixed to the Note showing Movant to be the current

8  Holder of the note. Said Note and allonge are attached hereto and incorporated as **Exhibit "1".**

9  If the Debtor wishes to maintain the protection of the automatic stay through more plenary

10  proceedings, e.g., an adversary proceeding, the appropriate way to do so is for the Debtor to

11  make adequate protection payments. *In re Aniel,* 2010 Bankr. LEXIS 1262 (Bankr. D. Cal.

12  2010). That has not occurred and Movant is entitled to Stay Relief upon lodging of an

13  appropriate Default Declaration and Order.

14  **DEBTOR HAS PRESENTED NO NEWLY DISCOVERED EVIDENCE TO WARRANT**

15  **RECONSIDERATION**

16      Debtor's Motion for Reconsideration simply reiterates the arguments made by Debtor's

17  Counsel at the preliminary hearing. Debtor's counsel has presented no new evidence or

18  arguments that would require the Court to reconsider or modify its ruling. Debtor's attorney

19  waited almost a month to file this Motion for reconsideration after the Debtor was already in

20  Default on the Court's signed Order.  The only change to the Court's Adequate Protection Order

21  the Creditor will support is to have the funds due under the Adequate Protection Order paid

22  directly to Creditor's Counsel to be held in an interest baring Trust account as was ordered in *In*

23  *re Aniel*. Further, the Debtor's are not foreclosed from challenging the Movant's right to

24  foreclose through their state court remedies and will have ample time to do so as no Trustee's

25  sale is pending against this property.

26      WHEREFORE, Movant requests that the Court enter its Order granting the

27  following relief:

28      1.      Debtor's Motion to Amend Adequate Protection Order should be denied

29  with prejudice.

1         2.     Movant's should be granted Relief from the Automatic Stay after the

2 Default Decleration and Notice terms are completed pursuant to the Adequate Protection Order

3 signed by this Court on May 3, 2010.

4         3. For Movant's reasonable attorneys' fees and costs and interest herein incurred

5 and expended; and

6         4. For such other and further relief as the Court deems just and equitable.

7     DATED: May 27, 2010

8                         **McCarthy ◆ Holthus ◆ Levine**

9

10                         By: /s/ Jessica R. Kenney____

11                          Jessica R. Kenney, Esq.
                          3636 North Central Avenue

12                           Suite 1050
                          Phoenix, AZ 85012

13                           Attorneys for Movant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

On 5/27/10, I served the foregoing documents described as **RESPONSE TO DEBTOR'S MOTION TO AMEND ADEQUATE PROTECTION ORDER AND EMERGENCY MOTION TO GO FORWARD WITH STAY HEARING SET FOR 06/15/2010 @ 1:30 P.M.** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Ronald Ryan
ronryanlaw@cox.net

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/  Alexandru Nicolau

On 5/27/10, I served the foregoing documents described as **RESPONSE TO DEBTOR'S MOTION TO AMEND ADEQUATE PROTECTION ORDER AND EMERGENCY MOTION TO GO FORWARD WITH STAY HEARING SET FOR 06/15/2010 @ 1:30 P.M.**, on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

UNITED STATES TRUSTEE
Phoenix Division
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

COUNSEL FOR DEBTOR
Ronald Ryan
Ronald Ryan, P.C.
1413 E. Hedrick Drive
Tucson, AZ 85719

DEBTOR
Anthony Tarantola
11201 East Hashknife Circle
Tucson, AZ 85749

File No. AZ-09-15363                    8                    Case No. 4:09-bk-09703-EWH
                                                             Response to MTN to Amend

1    TRUSTEE
     Dianne C. Kerns
2    7320 North La Cholla # 154
3    PMB 413
     Tucson, AZ 85741
4
5    SPECIAL NOTICE
     Barbara Lawall
6    32 North Stone Avenue, Suite 2100
     Tucson, AZ 85701
7
8        **I declare under penalty of perjury under the laws of the United States of America that the foregoing
     is true and correct.**

9
                                                            /s/ Warb Wilcox
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

File No. AZ-09-15363                        9                     Case No. 4:09-bk-09703-EWH
                                                                 Response to MTN to Amend

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

File No. AZ-09-15363                              1                    Case No. 4:09-bk-09703-EWH