**ORDERED.**

Dated: May 28, 2010



_____
EILEEN W. HOLLOWELL
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | Case No. 4:09-bk-09703-EWH |
| ANTHONY TARANTOLA, ) | **ORDER SUSPENDING ADEQUATE PROTECTION ORDER AND PERMITTING DEBTOR'S EXPERT TO APPEAR BY VIDEO** |
| Debtor. ) | |

Debtor filed a motion to have the Court reconsider an adequate protection order (the "AP Order") entered on May 3, 2010, after the preliminary hearing on creditor's ("Creditor") motion for relief from stay ("MRS"). The AP Order requires the Debtor to make monthly adequate protection payments equal to the amount of his mortgage payment until the conclusion of a final evidentiary hearing on the MRS. Debtor's motion asserts, among other things, that the amount of the adequate protection payments is excessive and does not reflect the actual depreciation of the property, and that Debtor was unfairly surprised by the issuance of the AP Order.

Debtor further asserts that the Court's determination that an endorsement (the "Endorsement") of a promissory note to the movant provided *prima facie* evidence that the creditor had standing to bring the MRS was erroneous because the Debtor's

response to the MRS (the "Response") challenged the authenticity of the signor to sign the Endorsement based upon the allegation that the signor has apparently signed other endorsements as an officer of a different entity than the entity listed in the Endorsement.

All of the other challenges to the Endorsement in the Response appear to have little merit. For example, the Debtor asserts the Endorsement was executed after the date of his bankruptcy because his case number appears at the bottom of the Endorsement. Assuming that the timing of the Endorsement is an issue, which is not clear, the case number appears because the Endorsement was filed electronically and the case number automatically appears at the bottom of all electronically filed documents. The Response also asserts the allonge is ineffective due to alleged interim transfers of the Note to other entities as part of what Debtor "believed" was the securitization of the Note. However, no evidence of any kind was attached to the Response to support that claim.

As for the Debtor's complaint that the amount of the AP Order is excessive, the Court finds no merit in the Debtor's argument. Debtor acknowledges that no payments have been made on his home mortgage in months. Requiring the Debtor to make one or two regular mortgage payments before an evidentiary hearing can be held on the Creditor's standing is not excessive. The Court also does not believe that Debtor was unfairly surprised by the entry of the AP Order. The MRS clearly requested adequate protection, and in any lift stay proceeding the issue of interim adequate protection payments is in play based on the wording of 11 U.S.C. § 362(d)(1).

However, the Court agrees that because the Response challenged the authority of the signor of the Endorsement that the Creditor may not have demonstrated a *prima*

2

Case 4:09-bk-09703-EWH    Doc 56    Filed 05/28/10    Entered 05/28/10 17:13:11    Desc
Main Document    Page 2 of 4

*facie* case for standing. *See* A.R.S. § 47-3308 (providing in relevant part that when "the validity of a signature is denied in [a pleading], the burden of establishing validity is on the person claiming validity"). The merits of the Debtor's challenge to the authority of the signor of the Endorsement will have to be resolved at the scheduled evidentiary hearing on June 23, 2010, at 9:00 a.m. Until the conclusion of that hearing, the Court's Adequate Protection Order is SUSPENDED.[1]

The Debtor has also filed a motion requesting that his expert be permitted to appear by phone or by video conference at the final evidentiary lift stay hearing. The Court prefers a video appearance over a telephonic appearance. Absent extraordinary circumstances making it impossible for Debtor's expert to travel to the Phoenix Bankruptcy Court for appearance by video, Debtor's motion to permit telephonic appearance will not be granted. Debtor shall file with the Court and serve on Creditor a pleading setting forth any extraordinary circumstances which make the expert's travel to Phoenix impossible within five (5) days of the date of this order. The Court will then decide if a telephonic appearance will be permitted. Otherwise, the expert will be expected to appear by video. Arrangements for such a video appearance will be coordinated by the courtroom deputy and Debtor.

Dated and signed above.

Notice to be sent through the

---

[1] Creditor asserts that the holding of *In re Aniel*, 2010 Bankr. LEXIS 1262 (Bankr. N.D. Cal Apr. 21, 2010), binds this Court and prevents the Court from suspending the AP Order. Creditor is incorrect because *Aniel* is not a Ninth Circuit Bankruptcy Appellate Panel decision nor is it a Ninth Circuit decision. In any event, *Aniel's* facts are distinguishable because in that case there was no specific challenge to the authority of the signor of the endorsement.

3

Bankruptcy Noticing Center "BNC"
to the following:

Anthony Tarantola
11201 East Hashknife Circle
Tucson, AZ  85749

Ronald Ryan, Esq.
Ronald Ryan, P.C.
1413 East Hedrick Drive
Tucson, AZ  85719-2633

Matthew A. Silverman, Esq.
Jessica R. Kelley, Esq.
McCarthy Holthus Levine
3636 North Central Ave., Suite 1050
Phoenix, AZ  85012

Dianne C. Kerns
Chapter 13 Trustee
7320 North La Cholla #154 PMB 413
Tucson, Az  85741-2305

U.S. Trustee's Office
230 North First Ave. #204
Phoenix, AZ 85003

4