# M E M O R A N D U M

TO: All Attorneys who file **Motions for Relief from Stay**

FROM: Judge Pat E. Morgenstern-Clarren

DATE: February 12, 2008

SUBJECT: Tips for How a Motion for Relief from Stay Can Proceed Smoothly Through the Court

*************************************************************************

      A growing number of motions for relief from stay are being filed that are deficient in some respect. My practice is to adjourn such motions once by order identifying the deficiency and giving the creditor an opportunity to amend the motion. If the amended motion is still deficient, the motion is denied without prejudice.

      It would be in everyone's best interest if the motions are correct when filed the first time. To that end, I thought it might be helpful to identify some of the more common errors that cause the court to adjourn or deny the motions:

1. The motion is not in the form approved by the judges and reflected in General Order 99-1.

2. The motion has blanks where the attorney has set up his or her computer to indicate the attorney should insert information, but no information is inserted.

3. The name of the creditor in the caption is different from the name of the creditor in the first paragraph.

4. The motion states that the movant made the loan, but the documents show that another entity made the loan.

5. A payment history is attached that resembles hieroglyphics.

6. With respect to any "extra charges" on the worksheet:

   a. the worksheet says there are none, but then includes inconsistent language stating that certain expenses are continuously accruing;

b. the worksheet deletes the language requiring the attorney to <mark>attach a payment and loan transfer history;</mark>

   *Very important to save an entire first set of discovery requests. Will save everyone time effort and expense money. Truly is needed for full candor and honesty to Court and parties.*

c. the worksheet does not have an itemization of the extra charges.

7. The date of the last payment is not listed on the worksheet. Logic dictates that the creditor must know the date on which it last received payment from the debtor.

8. <mark>A separate transfer history</mark> either is not attached to the worksheet at all or it lists only the last transfer. <mark>A transfer history should start</mark> with the entity that <mark>originated</mark> the loan and move <mark>forward to the present</mark> with <mark>supporting documentation</mark> of all transfers.

   *SAME COMMENT*

9. The motion states in the caption that it is directed to the debtor, but somewhere along the line in the motion relief is requested against a co-debtor as well. This does not give adequate notice to the co-debtor that his or her rights may be affected. A related issue is a motion that requests relief against a co-debtor without stating the co-debtor's name. Most people do not think of themselves as "co-debtors" and will not realize that relief is being requested against them unless their name is stated.

10. <mark>The documents do not show that the movant is in the chain of title.</mark>

    *WRONG PARTY IN INTEREST*

Please review these issues with the individuals in your office who participate in preparing motions for relief from stay.

Thank you.

2

Case 4:09-bk-09703-EWH    Doc 65-2    Filed 06/16/10    Entered 06/16/10 21:57:01    Desc
Exhibit B WELLS CASE OHIO JUDGE 3 MEMOS RE MOTIONS FOR RELIEF.pdf    Page 2 of 7

# **M E M O R A N D U M**

TO: All bankruptcy lawyers who file Motions for Relief from Stay

FROM: Judge Pat E. Morgenstern-Clarren

RE: Additional Guidance on Motions for Relief from Stay

DATE: July 9, 2008

****************************************************************************

      This memorandum supplements both the court's memorandum of February 12, 2008 ("Tips for How a Motion for Relief from Stay Can Proceed Smoothly Through the Court") and the ongoing dialogue being held with counsel in the special dockets relating to motions for relief from stay.[1] I hope that this additional memo will help to explain the court's expectations.

      For the most part, the motions at issue allege that the movant is entitled to enforce a note given by the debtor, which note is secured by a mortgage on real estate owned by the debtor. The motions allege that the debtor is in default under the note and seek relief from stay to pursue state court remedies, including foreclosure.

      As the bar knows, many motions for relief from stay are not opposed by the debtor. The court's practice is to sign a default order granting an unopposed motion for relief from stay or to sign an agreed order if:

      (A) the motion has been properly served on the appropriate parties; and

      (B) the motion states a *prima facie* case for relief from stay, meaning that it sets out a factual and legal basis for the relief requested.

      Generally, a *prima facie* case requires that the movant show that it is entitled to enforce the note, either because (1) it is the original payee in possession of the original note; or (2) it is the payee because it is in possession of the original note and the note is endorsed to it; or (3) the note is endorsed in blank and the movant has possession of the original note; or (4) the movant has physical possession of the note, without an endorsement, but the movant has the rights of a holder; or (5) the note is lost but Ohio Revised Code § 1303.38 ("Enforcement of lost, destroyed, or stolen instrument") is satisfied. The movant must also show that its lien is properly perfected (establishing its position as a secured creditor) and that it is entitled to proceed against the collateral. In addition, the movant must show that the debtor owes money under the note or has otherwise failed to perform under the note or security agreement.

---

[1] Those dockets were held on May 2, May 16, June 12, June 19, and June 26, 2008. Additional dockets are scheduled for July 10, July 16, and July 18, 2008.

==If the motion does not state a *prima facie* case for relief, the court will not sign an order lifting the stay, whether it is by default or otherwise.==

Over the last few years, an increasing number of motions for relief have been filed that do not state a *prima facie* case for relief. This causes delay and expense to all parties, and also consumes a great deal of the court's time. The court set the special dockets to address these recurring issues:[2]

1. ==Motions filed by an entity that, according to the supporting documents, has not established standing to file the motion.== *See In re Foreclosure Cases,* No. 1:07CV2282, 2007 WL 3232430 (N.D. Ohio Oct. 31, 2007); *see also In re Parrish,* 326 B.R. 708 (Bankr. N.D. Ohio 2005).

2. Motions that add attorney fees to the amount due from the debtor when those fees are not recoverable under Ohio law. *See Dollar Bank v. Petroff (In re Petroff)*, No. 00-8085, 2001 WL 34041797 (B.A.P. 6th Cir. July 25, 2001); *In re Lake*, 245 B.R. 282 (Bankr. N.D. Ohio 2000). A sub-issue is where counsel acknowledges at the hearing that the fees are not recoverable under Ohio law, but states that he or she does not have authority from the client to delete the fees from the amount due. *See* FED. R. BANKR. P. 9011(b)(2).

3. Motions that include hundreds to thousands of dollars in "costs" or "other charges" or "advances" lumped together. In many cases, as the facts are developed, it turns out that amounts are included that do not fall within the language of the note and mortgage at issue and/or that are not provided for by statute. *See* OHIO REVISED CODE § 5301.233 ("Mortgage may include unpaid balance; lien on property"). Common examples are charges incurred for the benefit of third-party investors, such as a filing fee for filing an assignment of the mortgage to a trust or charges for broker's price opinions or charges for a servicer's activities that "are not for the protection of the mortgaged premises." *Id.*

4. ==Motions with affidavits attached that contain conflicting statements as to the entity in possession of the note, with no explanation for the conflict.==

5. Affidavits seeking relief following an alleged default under an agreed order, which affidavits are deficient because, for example, (1) they appear to be signed by the affiant in one state and

---

[2] These comments are intended as an overview of secured transaction issues.

2

Case 4:09-bk-09703-EWH    Doc 65-2    Filed 06/16/10    Entered 06/16/10 21:5̶7̶:̶0̶1̶ EXHIBIT Desc
Exhibit B WELLS CASE OHIO JUDGE 3 MEMOS RE MOTIONS FOR RELIEF.pdf    Page 4 of 7

notarized in a different state; (2) they do not state the date and amount of each payment that has not been made; (3) they identify unpaid payments that were not provided for in the agreed order; or (4) the affiant has no demonstrated connection to the parties who entered into the agreed order.

6. ==Motions alleging that the underlying note is lost, but that attach "lost note" affidavits that do not comply== with Ohio Revised Code § 1303.38.

7. Local counsel appearing at hearings on motions for relief from stay who have not been in direct contact with their clients and who do not have access to the information needed to move the motion forward.

8. Motions alleging that the movant is entitled to enforce a note secured by a mortgage, but the mortgages and assignments of mortgages attached do not demonstrate that the documents were recorded with the county recorder's office.

9. Motions seeking relief from stay with respect to a motor vehicle without attaching the certificate of title showing that the movant either owns the vehicle or has a lien on it (or attaching a certificate of title that is illegible). Increasingly, movants have attached documents that are apparently obtained from a web site, but that are not titles, electronic or otherwise.

10. Motions filed without notice being given to other parties with an interest in the property, such as other lienholders.

11. Failure to add additional information to the motion in bold, as required by the local rules, that would clarify any irregularities or the way in which the motion deviates from the form.

12. ==Motions filed alleging the movant is entitled to enforce a note, where the note is purportedly "transferred" by assignment rather than as prescribed by Ohio Revised Code Chapter 1303.== *See* OHIO REVISED CODE §§ 1303.22(A) and 1301.01(N)).

13. Motions seeking relief in a case where the debtor has no interest in the property, or where the debtor is not obligated on the note, and where no other legal basis is stated for seeking relief from stay.

By holding the special dockets and sending this memo, my hope is that the problems will be corrected so that entities entitled to relief from stay will be able to obtain relief in a more

3

efficient manner and also so that debtors who are entitled to keep the stay in place will not have to needlessly spend time and energy on relief issues.

   I will be glad to address any questions at the town hall meeting that Judges Baxter, Harris, and I will be holding on July 22, 2008 at 8:00 a.m.  If you have questions in the meantime, please feel free to call or email my chambers.

4

Case 4:09-bk-09703-EWH    Doc 65-2   Filed 06/16/10   Entered 06/16/10 21:57:01   Desc
Exhibit B WELLS CASE OHIO JUDGE 3 MEMOS RE MOTIONS FOR RELIEF.pdf    Page 6 of 7

# M E M O R A N D U M

TO: All Attorneys who file **Motions for Relief from Stay**

FROM: Judge Pat E. Morgenstern-Clarren

DATE: February 12, 2009

RE: Motions for Relief from Stay Update: Endorsement of Note by alleged Attorney-in-Fact

*************************************************************************

Recently, a number of motions for relief have been filed that present a new wrinkle in transfers of notes secured by mortgages: notes that state that they are endorsed to a third party by an attorney-in-fact on behalf of the note holder. In that circumstance, the written power of attorney granting the power to endorse a note should be attached to the motion to show that the endorsement is effective. Please note that many limited powers of attorney do *not* give the power to endorse a note. In that case, the limited power of attorney is insufficient to transfer the note by endorsement and the motion for relief will be denied. *See In re Foreclosure Cases*, No. 1:07CV2282, 2007 WL 3232430 (N.D Ohio Oct. 31, 2007).

Review of this issue before the motion is filed will save time for all parties, and will prevent a movant from having to file a new motion for relief with accompanying filing fee.

Thank you for your anticipated attention to this issue.