After the recording, please mail to the attention of:
Tamara Price, Assistant Foreclosure Manager
Citi Residential Lending Inc.
10801 E. 6th Street
Rancho Cucamonga, CA 91730-5877

# LIMITED POWER OF ATTORNEY

KNOWN ALL MEN BY THESE PREMISES:

That Argent Mortgage Company L.L.C, a Delaware limited liability company ("Argent Mortgage") and having an office located at 1100 Town & Country Road, Ste 1100, Orange, California 92868, hath made constituted and appointed, and does by these presents make, constitute and appoint Citi Residential Lending Inc., ("Servicer") a corporation organized and existing under the laws of the State of Delaware, its true and lawful Attorney-in Fact, with full power and authority to sign, execute, acknowledge, deliver, file for record, and record any instrument on its behalf and to perform such other act or acts as may be customarily and reasonably necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust (the "Mortgages" and "Deeds of Trust", respectively) and promissory notes secured thereby (the "Mortgage Notes").

This Appointment shall apply only to the following enumerated transactions and nothing herein or in the Agreements shall be construed to the contrary:

1. The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recording is solely for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued; <u>provided</u> that (i) said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured and (ii) otherwise conforms to the provisions of the Agreement.

2. The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to Argent Mortgage to accomplish same.

3. The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4. The completion of loan assumption agreements.

5. The full satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

6. The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7. The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

8. With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:

    a. the substitution of Trustee or Beneficiary(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

    b. the preparation and issuance of statements of breach or non-performance;

    c. the preparation and filing of notices of default and/or notices of sale;

    d. the cancellation/rescission of notices of default and/or notices of sale;

    e. the taking of deed in lieu of foreclosure; and

    f. the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.e. above.

9. With respect to the sale of property acquired through a foreclosure or deed-in lieu of foreclosure, including, without limitation, the execution of the following documentation:

    a. listing agreements;

    b. purchase and sale agreements;

    c. grant/warranty/quit claim deeds or any other deed causing the transfer of title of the property to a party contracted to purchase same;

       d.     escrow instructions; and

       e.     any and all documents necessary to effect the transfer of property.

10.    The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement of personal property.

11.    Endorse on behalf of Argent Mortgage all checks, drafts and/or negotiable instruments made payable to Argent Mortgage.

The undersigned gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify and confirm to all that said Attorney-in-Fact shall be effective as of September 2007.

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (i) limit in any manner any indemnification provided by the Servicer to Argent Mortgage under the Agreements, or (ii) be construed to grant the Servicer the power to initiate or defend any suit, litigation or proceeding in the name of Argent Mortgage except as specifically provided for herein. If the Servicer receives any notice of suit, litigation or proceeding in the name of Argent Mortgage, then the Servicer shall promptly forward a copy of same to Argent Mortgage.

This limited power of attorney is not intended to extend the powers granted to the Servicer under the Agreements or to allow the Servicer to take any action with respect to the Mortgages, Deeds of Trust or Mortgage Notes not authorized by the Agreements.

The Servicer hereby agrees to indemnify and hold the Argent Mortgage and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by the Servicer of the powers granted to it hereunder.

This Limited Power of Attorney is entered into and shall be governed by the laws of the State of New York, without regard to conflicts of law principles of such state.

Third parties without actual notice may rely upon the exercise of the power granted under this Limited Power of Attorney; and may be satisfied that this Limited Power of Attorney shall continue in full force and effect and has not been revoked unless an instrument of revocation has been made in writing by the undersigned.

IN WITNESS WHEREOF, Argent Mortgage Company LLC has caused its corporate seal to be hereto affixed and these presents to be signed and acknowledged in its name and behalf by a duly elected and authorized signatory this 31st day of October 2007.

Argent Mortgage Company LLC

By: _____
Name: Jeff A. George
Title: Vice President

WITNESSES:

_____
GENEVIEVE GONZALEZ

_____
R. P. Umali

STATE OF CALIFORNIA )
                               ) SS.:
COUNTY OF ORANGE )

    On the **1st** day of **November 2007**, before me, **C. Takahashi**, personally appeared **Jeff A. George**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity of **Argent Mortgage Company LLC**, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

_____
Notary Public



C. TAKAHASHI
COMM. # 1754916
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Exp. July 2, 2011

# CERTIFICATE

I, Jeffery L. Boyher, Assistant Secretary of Citi Residential Lending Inc. (the "Corporation"), certify that the following are true and correct copies of resolutions adopted by the Executive Committee of the Board of Directors of the Corporation on January 28, 2009, and the same now appear in the minute book of said Corporation. I further certify that the following resolutions are in full force and effect and have not been modified or rescinded.

**WHEREAS**, the Corporation has determined that it will be useful for officers who are employed by American Home Mortgage Servicing, Inc. ("AHMSI") to be appointed as officers of the Corporation with limited authority;

**NOW, THEREFORE, BE IT RESOLVED**, that, effective immediately, each of the officers of AHMSI be and hereby is elected to the office of Vice President and Assistant Secretary of the Corporation (each a "Special Officer" and collectively the "Special Officers"), to serve until his or her successor is duly elected and qualified or until his or her earlier death, resignation or removal:

**RESOLVED FURTHER**, that the authority of each Special Officer is specifically and strictly restricted to the actions and authority granted to the Corporation in those Limited Powers of Attorney identified on Exhibit A attached hereto.

**RESOLVED FURTHER**, that the appointment hereby of each Special Officer is of a restricted nature and, except for the purposes of performing the services specifically set forth in the resolutions above, no Special Officer is permitted or authorized to represent himself or herself, as applicable, as an officer of the Corporation to any third party or to act as officers or employees of the Corporation in any respect;

**RESOLVED FURTHER**, that notwithstanding the limited purpose appointment made pursuant to the foregoing resolutions, no Special Officer is entitled to the customary rights and benefits that are normally accorded to an officer of this Corporation;

**RESOLVED FURTHER**, that the appointment and the length of the term of office of each Special Officer are at the convenience and pleasure of the Corporation and each such appointment is revocable upon written notice to AHMSI with or without cause, and for any reason in the sole discretion of the Corporation If not revoked sooner, each limited purpose appointment made pursuant to the foregoing resolutions shall immediately terminate, without any notice or further action by or on the part of this Corporation, upon the termination of the appointee's status as an employee of AHMSI

## EXHIBIT A

### Powers of Attorney

1. Limited Power of Attorney dated October 10, 2007, from AMC Mortgage Servicing, Inc to Citi Residential Lending Inc.

2. Limited Power of Attorney dated September 29, 2007, from Ameriquest Funding II REO Subsidiary, L.L.C. to Citi Residential Lending Inc.

3. Limited Power of Attorney dated October 2, 2007, from Ameriquest Mortgage Company to Citi Residential Lending Inc.

4. Limited Power of Attorney dated October 31, 2007, from Argent Mortgage Company L.L.C. to Citi Residential Lending Inc.

5. Limited Power of Attorney dated August 31, 2007, from Bedford Home Loans, Inc. (f/k/a Argent Funding Corporation, f/k/a Olympus Mortgage Company) to Citi Residential Lending Inc.

6. Limited Power of Attorney dated October 31, 2007, from Town & Country Credit Corporation to Citi Residential Lending Inc.

7. Limited Power of Attorney dated September 18, 2007, from Citigroup Global Markets Realty Corp. to Citi Residential Lending Inc.

8. Limited Power of Attorney dated September 18, 2007, from Liquidation Properties, Inc to Citi Residential Lending Inc.

9. Limited Power of Attorney dated May 21, 2008, from The Bank of New York to Citi Residential Lending Inc.

10. Limited Power of Attorney dated May 7, 2008, from Deutsche Bank National Trust Company to Citi Residential Lending Inc.

11. Limited Power of Attorney dated July 9, 2008, from U.S. Bank National Association to Citi Residential Lending Inc.

12. Limited Power of Attorney dated July 14, 2008, from WM Specialty Mortgage LLC to Citi Residential Lending Inc.

IN WITNESS WHEREOF, I have signed my name and affixed the seal of the Corporation as of January 30, 2009.

[SEAL]

*Jeffery L. Boyher*
Assistant Secretary

# AMERICAN HOME MORTGAGE SERVICING, INC.

## UNANIMOUS WRITTEN CONSENT OF THE
## BOARD OF DIRECTORS
## IN LIEU OF SPECIAL MEETING

### February 5, 2009

The undersigned, being all of the members of the Board of Directors (the "__Board__") of American Home Mortgage Servicing, Inc., a Delaware corporation formerly known as AH Mortgage Acquisition Co., Inc. (the "__Corporation__"), pursuant to Section 141(f) of the Delaware General Corporation Law, and Article II, Section 8 of the Corporation's Bylaws, hereby consent to the adoption of, and do hereby adopt, the following resolutions without the holding of a meeting:

### Officer Appointments

WHEREAS, the Board has determined that it is in the best interests of the Corporation for certain individuals who are either employed by, or are independent contractors of, the Corporation to be appointed as officers of the Corporation with limited authority.

NOW, THEREFORE, BE IT RESOLVED, that, effective immediately, the following persons, each of whom is either an employee or an independent contractor of the Corporation, be, and hereby is, elected to the Office of the Corporation indicated opposite the name of such person, to serve until his or her successor is duly elected and qualified or until his or her earlier death, resignation or removal:

| Name | Office |
| --- | --- |
| Andrew Fuerstenberger | Vice President |
| Silena Rivera | Assistant Vice President |
| Kathy Smith | Assistant Secretary |
| Michelle Halyard | Assistant Secretary |
| Alisa Dhimitri | Assistant Secretary |
| Joseph Kaminski | Assistant Secretary |

FURTHER RESOLVED, that the authority of each officer hereby appointed in each specified capacity is specifically and strictly limited to executing the following documents on behalf of the Corporation:

- mortgage/trust deed assignments;
- note endorsements and allonges;
- UCC financing statements relating to manufactured/mobile homes;
- substitutions of trustee;
- deeds of conveyance (including, without limitation, warranty deeds, grant deeds and quitclaim deeds) and manufactured/mobile home certificates of title/ownership;
- trust deed reconveyance and mortgage release documents;
- manufactured/mobile home lien releases;
- partial releases;
- assumption, subordination and modification agreements;
- affidavits (including, without limitation, seller affidavits, lost note affidavits, military affidavits, affidavits of indebtedness and affidavits related to the repossession of manufactured/mobile homes or the affixation/annexation of manufactured/mobile homes to land);
- powers of attorney (i) concerning any process related to effecting a lien release upon payment of a loan in full, or (ii) used to process any foreclosure, bankruptcy or other related activity concerning a loan in default;
- verifications of mortgage;
- HUD-1 settlement statements;
- all subservicing documents and agreements necessary to establish, maintain and/or modify the Corporation's role as subservicer to third parties; and
- all other normal and customary documents (i) related to borrower bankruptcy and the foreclosure and/or sale of real estate, or (ii) required by any governmental or private entity relating to the surety bonding, lien perfection, affixation, repossession, transfer of ownership or other disposition of manufactured/mobile homes; and

FURTHER RESOLVED, that all actions previously taken by the officers hereby appointed on behalf of the Corporation consistent with the foregoing resolution be, and hereby are, ratified; and

FURTHER RESOLVED, that the appointment hereby of each person in each capacity specified in these resolutions is of a restricted nature and, except only for the purposes of performing the services specifically set forth in the resolution above, each such person is not permitted to represent himself or herself, as applicable, as an officer of the Corporation to any third party; and

FURTHER RESOLVED, that the appointment and the length of the term of office of each officer hereby appointed are at the convenience and pleasure of the Board and such appointment is revocable upon notice, with or without cause, and for any reason in the sole discretion of the Board. If not revoked sooner, each limited purpose appointment made pursuant to the foregoing resolutions shall immediately terminate, without any notice or further action by or on the part of this Board, upon the termination of the appointee's status as an employee or an independent contractor of the Corporation.

### General

RESOLVED, that the officers of the Corporation be, and each of them hereby is, authorized, empowered and directed on behalf of the Corporation to execute and deliver such documents and take all such further actions as they, or any of them, may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions; and all such actions heretofore taken by the officers of the Corporation are hereby ratified.

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of the date first above written.

_____
David H. Storper

_____
Josh Seegopaul