Ronald Ryan
Ronald Ryan PC
Attorney for Debtors
1413 E. Hedrick Drive
Tucson, AZ 85719
(520)298-3333 ph 743-1020 fax
ronryanlaw@cox.net
AZ Bar #018140 Pima Cty #65325

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| **ANTHONY TARANTOLA,** | Case # 4:09-bk-09703-EWH |
| **DEBTOR** | |
| _____ | **DEBTOR'S SUMMARY OF MOVANT'S DISCOVERY RESPONSES** |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR THE BENEFIT OF THE CERTIFICATE HOLDERS FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-W8, MOVANT** | HEARING: 6/23/10 @ 9:00 AM |
| **VS.** | |
| **ANTHONY TARANTOLA, DEBTOR RESPONDENT** | Chapter 13 |

COMES NOW, Anthony Tarantola, Debtor and Respondent, and files this Debtor's Summary of the Responses to Motion for Relief from Stay, served by Deutsche Bank National Trust Company, as Trustee in trust for the benefit of the Certificateholders for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8, ("Pool Trustee" or MBS Pool Trustee"), Movant, signed under penalty of perjury by Alexandru Nicolau and Warb Wilcox. This filing is for the Court's convenience and summarizes some of the Responses to Debtor's Requests for Admission, Interrogatories and Requests for Production to Creditor. Movant's Discovery Responses have made many points for Debtor by these responses. The Responses in their totality

Page 1 of 5

with the questions with Debtor's Comments will be submitted to the Court as a trial exhibit. The Discovery Responses were filed by Movant at Doc 52-1 Filed 05/19/10, and are offered into evidence. The version of the Discovery Responses that will be a Trial Exhibit contains the below provided statements from Debtor as to the purport of some of the Responses just as they are provided below.

RESPONSES TO REQUESTS FOR ADMISSION

Admission #           Purport

3:   Fails to claim ownership of the Note, and skips question.
4:   Takes the position that whether the Note was Pooled into a Pool of Mortgage Loans is not relevant. This is tantamount to arguing that ownership of the Note, and authentic and authorized negotiations and holdership are not relevant.
5:   Takes the position that for who's pecuniary benefit they are attempting to enforcing the Note is irrelevant, meaning who the identity of the Real Party in Interest is not relevant.
6.   Takes the position that the identity of the Real Party in Interest is not relevant.
7.   Takes the position that the identity of the Real Party in Interest is not relevant.
8.   Takes the position that the Note ownership and identity of the Real Party in Interest is not relevant.
10.  Takes the position that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.
12.  Takes the position that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.
14.  Takes the position that whether note is secured is irrelevant.
15.  Same as 12 and 14.
21.  Takes the position that pocketing proceeds is irrelevant.
26.  Takes the position that for who's pecuniary benefit they are attempting to enforcing the Note is irrelevant, meaning who the identity of the Real Party in Interest is not relevant.
28.  Takes the position that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.
29.  Takes the position that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.
32.  Takes the position that the identity of the Real Party in Interest is not relevant. And also that intentionally creating the false appearance of a colorable interest is the same as having one.
33.  Takes the position that who's financial interest is at stake in the case is irrelevant, meaning the identity of the Real Party in Interest is not relevant.
34.  Takes the position that whether the note remains a negotiable instrument or not is irrelevant, establishing it is not a holder and definitely not a holder in due course ("HDC").
35.  Takes the position that whether Movant paid value for the Note is irrelevant, establishing

it has not proven it is a holder and definitely not a holder in due course ("HDC").

38. Establishes that Movant's position is that the party whose funds are at risk is irrelevant, and therefore did not prove the party whose funds are at risk.
40. Establishes that Movant's position is that the party whose funds are at risk is irrelevant, and therefore did not prove the party whose funds are at risk.
41. Establishes that Movant's position is that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule from 3rd Party Sources at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.
42. Establishes that Movant's position is that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule from 3rd Party Sources at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.
43. Takes the position that authority to act for RPI is irrelevant, thus establishing that Movant has not proven standing.

INTERROGATORIES

Interrogatory #        Purport

1. Fails to identify current owner of the Note and skips the question, thereby establishing a failure to prove ownership of the Note and therefore establishes a failure to prove standing.
2. Fails to prove or even explain chain of transfer of a securitized loan in a case where the validity authenticity, and authority of indorsements are valid has been challenged and whether successfully pooled is irrelevant, meaning ownership of note is irrelevant, thereby establishes a failure to prove standing.
6. Establishes that Movant's position is that HDC status of the Note is irrelevant, thereby establishing it has not proven it is a HDC.
7. Takes the position that whether Movant paid value for the Note is irrelevant, establishing it has not proven it is a holder and definitely not a holder in due course ("HDC").
8. Takes the position that whether Movant paid value for the Note is irrelevant, establishing it has not proven it is a holder and definitely not a holder in due course ("HDC").
9. Establishes that Movant's position is that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule from 3rd Party Sources at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.
10. Because Notes that have been Pooled are listed in the Mortgage Loan Schedule ("MLS") of the PSA, since Movant's position is that the number by which the Note would be identified on the MLS is irrelevant, this establishes that it has not proven that the Note was Pooled, and therefore has not proven Standing and RPI.
11. Establishes that Movant cannot claim the Note was purchased from the MBS Pool after it was pooled, if it was pooled.
12. Establishes that Movant's position is that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule from 3rd Party Sources at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.
14. Establishes that Movant's position is that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule from 3rd Party Sources at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.
16. Establishes that Movant sees nothing wrong with someone transferring an interest in a Note that it does not own, and that this is not a problem in this case, which is tantamount to an admission that Movant's evidence is not credible.
17. Establishes that Movant thinks that the party that is the "Creditor" the party to whom money

is or may be owed to on the Note is irrelevant, thereby establishing that it has not proven Standing and RPI.

18. Will not provide name of auditing firm for Trust, from which Debtor can obtain information on 3rd Party Payments or Miscellaneous Proceeds thereby establishes that Movant's position is that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule from 3rd Party Sources at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.

20. Will not accounting documents for the MBS Trust, from which Debtor can obtain information on 3rd Party Payments or Miscellaneous Proceeds thereby establishes that Movant's position is that crediting Debtor' account for "Miscellaneous Proceeds" in DOT and "Discharge by Payment" rule from 3rd Party Sources at ARS § 47-3602(A), is irrelevant, which establishes that it has not proven that Debtor is in default.

REQUESTS FOR PRODUCTION

1. Refuses to provide chain of transfer documents of a securitized loan in a case where the validity authenticity, and authority of indorsements are valid has been challenged and whether successfully pooled is irrelevant, meaning ownership of note is irrelevant, thereby establishes a failure to prove standing.

2. These documents take a few minutes to obtain by Movant online and they provide some evidence of the chain of transfer of Note ownership of a securitized loan in a case where the validity authenticity, and authority of indorsements are valid has been challenged and whether successfully pooled is irrelevant, meaning ownership of note is irrelevant, thereby establishes a failure to prove standing.

3. Bond Indentures provide some information relevant to 3rd Party Source Payments, if Movant takes the position they are irrelevant, there is a failure to prove Movant is in default.

6. Many of these are public records filed with the SEC, but after a time there is no longer a requirement to file them. It is important to obtain the Monthly Distribution Reports, which show payments made to Investors, to obtain more complete information relevant to 3rd Party Source Payments and Miscellaneous Proceeds. To claim this as irrelevant is tantamount to taking the position that whether Debtor is in default is irrelevant to a MLS.

7. Because Notes that have been Pooled are listed in the Mortgage Loan Schedule of the PSA, but that Schedule on the PSA is blank, as it always is, saying "available on request" or similar language. But since Movant's position is that this list is irrelevant, this establishes that it has not proven that the Note was Pooled, and therefore has not proven Standing and RPI.

8. Good answer.

9. Refuses to produce 3rd Party Source Payments accounting documents. If Movant takes the position they are irrelevant, there is a failure to prove Movant is in default.

15. Just as information on the Prospectus is relevant to many issues, such as Standing and 3rd Party Source Payments, if the final Prospectus exists that was not filed as a public record with the SEC, it is important to obtain a copy. And if there was no final version, that is also relevant for these and other reasons.

18. Debtor may wish to contact the Investors, who are the actual creditors, now or at some time in the future. Surely, the identity of the actual Creditors may be relevant to some issues.

June 22, 2010

                Respectfully submitted,
                /S/ Ronald Ryan

Ronald Ryan, Debtor's Counsel

CERTIFICATE OF SERVICE

I certify that on June 22, 2010, a true copy of the forgoing with the Discovery Requests and Responses with Debtor's comments as to the meaning of some of the Responses was emailed to: Matthew A. Silverman and Jessica R. Kenney McCarthy Holthus Levine 3636 North Central Avenue Suite 1050 Phoenix, AZ 85012 through Jessica R. Kenney Attorneys for Movant, Deutsche Bank National Trust Company , as Trustee in trust for the benefit of the Certificateholders for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8, Chapter 13 Trustee; and Debtor.

/s/ Ronald Ryan
Ronald Ryan

Page 5 of 5