Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ  85012
(602) 230-8726

Attorneys for Movant,
Deutsche Bank National Trust Company , as Trustee in trust for the benefit of the Certificateholders for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| In re:<br><br>Anthony Tarantola,<br><br>        Debtor.<br>_____<br>Deutsche Bank National Trust Company , as Trustee in trust for the benefit of the Certificateholders for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8, its assignees and/or successors,<br><br>        Movant,<br>  v.<br><br>Anthony Tarantola, Debtor; and Dianne C. Kerns, Chapter 13 Trustee,<br><br>        Respondents. | In Proceedings Under<br><br>Chapter  13<br><br>Case No. 4:09-bk-09703-EWH<br><br>**MOVANT'S CLOSING BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**Hearing Date:  June 23, 2010**<br>**Time:               9:00 a.m.**<br>**Ctrm:               446**<br>**Place:             38 South Scott Avenue**<br>                        **Tucson, AZ 85701** |

Deutsche Bank National Trust Company, as Trustee in trust for the benefit of the Certificateholders for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8 ("Movant"), by and through its counsel undersigned, submits the following Closing Brief in support of its Motion for Relief from the Automatic Stay.

## I.  FACTUAL AND PROCEDURAL BACKGOUND

1. On or about 11/07/2003, Argent Mortgage Company LLC entered into a contract with Anthony Tarantola wherein Debtor agreed to pay the amount of $2,797.07, or more, on or before the first day of every month, beginning on or about 01/01/2004. The obligation is evidenced by a Note and secured by a Deed of Trust. There is no dispute as to the fact that Debtor received the benefit of funds to purchase the property.

2. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law at Recorder's No. 20032460627 in the office of the Pima County Recorder. The original principal amount of the Note was $377,600.00, plus interest, costs and attorneys' fees for collection.

3. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $3,828.81. The Debtor has failed to make monthly payments, beginning with the month of 10/2008, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Debtor has been in default for 17 months. There is no dispute as to the fact that the Debtor has not made his monthly payment on this Note and is due for 10/2008.

4. The property commonly known as 11201 East Hashknife Circle, Tucson, AZ 85749 is the Debtor's principal residence. There is no equity in the subject property. There is also no dispute as to the fact that the amount owed on the Note is greater than the value of the property.

5. On or about 12/8/2010, Movant filed this Motion for Relief from the Automatic Stay. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014. Pursuant to Local Bankruptcy Code 4001(b), Movant sent notice to the Debtor's counsel. In support of Movant's Motion, a copy of what was believed to be the Original Note was submitted to the Court with an allonge showing the transfer of the Original Note to Movant. See Docket # 35 and Docket # 39.

6. On or about 04/22/2010, this Motion came before this Court for a preliminary hearing. At the preliminary hearing, this Court set this matter for an evidentiary hearing on the issue of Movant's standing.

7. On or about June 22, 2010, the original loan file was delivered to Movant's counsel, at which time it became apparent to counsel that there were differences between the copy of the original note that had been presented to the Court and Debtor's Counsel and the actual original note. Movant quickly sent the correct copy to Debtor's Counsel and substituted the exhibits for trial with the correct copy of the Original Note.

8. On June 23, 2010, an evidentiary hearing was held in this Court on the issue of Movant's standing to bring this Motion for Relief from the Automatic Stay.

9. At the evidentiary hearing, David Merrill, a representative of Movant, appeared and produced the Original Note. The Original Note was admitted into evidence as Movant's Exhibit 5.

10. Mr. Merrill testified under oath that the reason for the error in production of a copy of the original note was due to the common practice in the mortgage industry of imagining the Deed of Trust and the Note at the origination of the loan and not updating the image when the Original Note was indorsed. Therefore, the copy of the original note produced by counsel was prior to the endorsement and differed from the Original Note.

11. Mr. Merrill testified that the Original Note that was in his possession was the true and correct Original Note and had two stamped endorsements on the third page. One endorsement was from the original lender, Argent Mortgage Company LLC, to Ameriquest Mortgage Company. The first endorsement stated "Pay to the Order of Ameriquest Mortgage Company without recourse." It was signed by Wayne Lee, President of Argent Mortgage Company LLC. The second endorsement was from Ameriquest Mortgage Company in blank. It stated "Pay to the Order of _____." It was signed by Kirk Lands, President of Ameriquest Mortgage Company.

**II.  LAW AND ARGUMENT**

Pursuant to 11 U.S.C. § 362, the filing of the Debtor's Chapter 13 Bankruptcy Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property

File No. AZ-09-15363                                          3                              Case No. 4:09-bk-09703-EWH
                                                                                                 TARANTOLACLOSINGBRIEF
Case 4:09-bk-09703-EWH    Doc 77    Filed 07/08/10    Entered 07/08/10 03:01:06    Desc
                            Main Document      Page 3 of 10

of the Debtor. Therefore, Movant filed this Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) in order to exercise its state law remedies. The only issue in front of this Court at the evidentiary hearing was whether Movant had standing to bring this Motion for Relief from the Automatic Stay. To bring a Motion for Relief from the Automatic Stay a party must have standing. The Holder of the Note is entitled to enforce the note under Arizona law and therefore, would have standing to bring a Motion for Relief for the Automatic Stay.

### A. Under Arizona Law, Movant qualifies as the Holder of the Note

There is no federal commercial law which defines who is a note holder; therefore, this Court must look to Arizona Law to determine if Movant qualifies a holder. *In re Weisband,* 427 B.R. 13, 18 (Bankr. D. Ariz. 2010), *quoting In re Montagne,* 412 B.R. 65. 73 (Bankr. D. Vt. 2009). Here, the decisive question is whether Movant qualifies as the holder of the note under Arizona law because under A.R.S. § 47-3301, if Movant is the holder of the note it has the right to enforce the note and thus has standing to bring this Motion.

Under Arizona law, a holder is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an indentified person that is the person in possession." A.R.S. § 47-1201(B)(21)(a). When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone. A.R.S. § 47-3205(B). *In re Hill,* 2009 Bankr. LEXIS 1882 (Bankr. D. Ariz. July 6, 2009), *quoting*, *Mecham v. United Bank of Ariz*, 107 Ariz. 437, 489 P.2d 247 (1971), (finding where an individual to whom a negotiable note was made payable endorsed the note in blank and delivered it to a bank, the bank was a holder of the note). A "blank indorsement" is one which does not identify a particular person as endorsee. A.R.S. § 47-3205. To be part of a Note, an indorsement must be "affixed to the instrument." A.R.S. § 47-3204; *See also,* In re Nash, 49 B.R. 254, 261 (Bank.D. Ariz. 1985).

Further, it is well settled law in Arizona that the Deed of Trust follows the Note. *See Hill v. Favour*, 52 Ariz. 561, 568, 84 P.2d 575 (1938), (finding the mortgage goes with the note and if the latter is transferred or assigned, the mortgage automatically goes along with the assignment or transfer); *Rodney v. Arizona Bank*, 172 Ariz. 221, 223, 836 P.2d 434 (Ariz. App. Div. 2, 1992),(finding when a bank obtained assignment of interest in note, the bank also received a corollary security interest in real property evidenced by the deed of trust). *See also* A.R.S. § 33-817 ("the transfer of any contract or contracts secured by a trust deed shall operate

File No. AZ-09-15363          4          Case No. 4:09-bk-09703-EWH
TARANTOLACLOSINGBRIEF
Case 4:09-bk-09703-EWH    Doc 77    Filed 07/08/10    Entered 07/08/10 03:01:06    Desc
Main Document     Page 4 of 10

as a transfer of the security for such contract or contracts.") Consequently, under Arizona Law, if Movant is the Holder of the Note, it is also the beneficiary under the Deed of Trust.

Therefore, under Arizona Law, if a Note is endorsed to blank and the endorsement is affixed to the Original Note, the Note is then payable to the entity in actual physical possession of the Note and that entity is entitled to enforce the Note; thus, it is the holder. "When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone." In re Hill, *2. Here, Movant has produced the Original Note with two stamped endorsements affixed to the third page of the original note. The stamped endorsements are properly affixed to the Original Note. The stamped endorsements are on the third page of the Note not on a separate piece of paper. Movant's agent, Mr. Merrill, testified under oath that Movant is in actual physical possession of the Original Note and the Court saw the Original Note in Movant's possession. Therefore, under Arizona law, Movant is the Holder of the Note and entitled to stay relief.

### B. Movant has Standing to bring this a Motion for Relief from the Automatic Stay

Any party affected by the stay should be entitled to seek relief. 3 Collier's On BANRUPTCY ¶ 362.07(2). Henry Somers & Alan Resnick, eds. 15th **[\*\*8]** ed., rev. 2009); *Matter of Brown Transp. Truckload, Inc*., 118 B.R. 889, 893 (Bankr. N.D. Ga. 1990); *In re Vieland*, 41 B.R. 134, 138 (Bankr. N.D. Ohio 1984)). This Court in *In re Weisband,* stated that "[a] movant for stay relief need only present evidence sufficient to present a colorable claim-- not every piece of evidence that would be required to prove the right to foreclose under a state law judicial foreclosure proceeding is necessary." 427 B.R. 13, 17 (Bankr. D. Ariz. 2010), *quoting, In re Emrich*, 2009 Bankr. LEXIS 3640, 2009 WL 3816174, at *1 (Bankr. N.D. Cal. 2009). This Court found that it necessarily followed that,

> Not every movant for relief from stay has to provide a complete chain of a note's assignment to obtain relief. Arizona's deed of trust statute does not require a beneficiary of a deed of trust to produce the underlying note (or its chain of assignment) in order to conduct a Trustee's Sale. (Citations Omitted) It would make no sense to require a creditor to demonstrate more to obtain stay relief than it needs to demonstrate under state law to conduct a judicial or non-judicial foreclosure. Moreover, if a note is endorsed in blank, it is enforceable as a bearer instrument. (Citations Omitted).
> *Id.* at 18.

This Court in *In re Hill,* 2009 Bankr. LEXIS 1882 (Bankr. D. Ariz. July 6, 2009), stated that "[u]nder the Bankruptcy Code, a motion for relief from stay is a contested matter. Fed. R. Bankr. P. 4001(a) and 9014(c). Bankruptcy Rule 7017 applies in contested matters. Bankruptcy Rule 7017 adopts Fed.R.Civ.P. 17(a)(1), which in turn provides that '[a]n action must be prosecuted in the name of the real party in interest.' The real party in interest in a relief from stay motion is a party entitled to enforce the right being asserted under applicable law. *In re Jacobson*, 402 B.R. 359, 366 (Bankr. W.D. Wash. 2009)."

In addition to the procedural "real party in interest" requirements of Rule 17, a litigant must also have standing to bring a motion. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Having standing to bring a motion is different than being a "real party in interest" under Rule 17. *Davis v. Yageo Corp.*, 481 F.3d 661, 678 (9th Cir. 2007). A litigant must have both constitutional standing and prudential standing for a federal court to have jurisdiction to hear the case. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004). Constitutional standing requires an injury be fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551, 116 S. Ct. 1529, 134 L. Ed. 2d 758 (1996). Prudential standing is a set of principles that places limits on the class of person who may invoke a federal court's powers. *Newdow*, 542 U.S. at 11. To comply with the requirement of prudential standing, the litigant must assert its own legal rights and interests. *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 971 (9th Cir. 2009). Generally, a party without legal rights to enforce an obligation under applicable substantive law lacks prudential standing. *Doran v. 7-Eleven Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008).

For Movant to be the "real party in interest", it must have the right to enforce the Note under Arizona law. Here, Movant, is the holder of the Note in question and therefore, under Arizona law has the right to enforce the Note. Movant as the holder of the Note, is entitled to payment under the terms of the Note and has suffered actual harm due to Debtor's breach that will be redressed by a favorable ruling in this matter. Therefore, Movant has stratified the standing requirements to bring this Motion for Relief from the Automatic Stay.

### C. Relief from the Automatic Stay Generally

Stay Relief hearings do not involve a full adjudication on the merits of claims, defenses or counterclaims, but are simply a determination as to whether a creditor has a colorable claim.

File No. AZ-09-15363          6          Case No. 4:09-bk-09703-EWH
TARANTOLACLOSINGBRIEF
Case 4:09-bk-09703-EWH   Doc 77   Filed 07/08/10   Entered 07/08/10 03:01:06   Desc
Main Document     Page 6 of 10

*In re Emrich*, 2009 WL 3816174 at *1 (Bankr. N.D. Cal. 2009). In order to establish a colorable claim, a Movant for relief from stay bears the burden of proof that it has standing to bring the motion. *In re Wilhelm,* 407 B.R. 392, 400 (Bankr. D. Idaho 2009). Motions for relief from stay are summary proceedings, which are confined to issues of lack of adequate protection, debtor's equity in property, and necessity of property to an effective reorganization, or existence of other "cause" for relief from stay. 11 U.S.C.A. § 362(d). *See also, In re Santa Clara County Fair Ass'n, Inc.,* 180 B.R. 564 (BAP.9.Cal., 1995). Stay litigation is limited to issues of lack of adequate protection, debtor's equity in property and necessity of property to effective reorganization; the validity of claim or the contract underlying the claim is not litigated during a hearing. *In re Johnson,* 756 F2d 738, (C.A. 9, 1985). Litigation regarding validity, priority or extent of liens should be resolved in proceedings separate from proceedings seeking to lift automatic stay. Further, motions to lift automatic stay should not be "bogged down" by peripheral litigation of claims against the lienholder. *In re Alper-Richman Furs, Ltd.,* 147 B.R. 140 (Bankr.N.D.Ill.E.Div., 1992); *See e.g., In re Gee,* 124 B.R. 586 (Bankr.N.D.Olka., 1991); 11 U.S.C.A. 362(c).

### III. CONCLUSION

At the evidentiary hearing, Movant produced the Original Note that was endorsed in blank. A representative of Movant, Mr. David Merrill, appeared and testified under oath that Movant is in actual possession of the original note. Under Arizona law Movant is the Holder of the Note, the beneficiary under the Deed of Trust and the real party in interest entitled to relief from the Automatic Stay. Debtor/Respondent produced no evidence to controvert Movant's status as the holder in due course, other than conjecture about the securitization of mortgages generally from their alleged expert. The question for this Court is simple: when a Note is endorsed to blank, is the entity in actual physical possession of the Note the Holder and entitled to enforce it? The answer under settled Arizona law must be yes. A.R.S. §47-3301 Therefore, Movant has standing to bring this Motion for Relief and is entitled to Stay Relief.

///
///
///
///
///

1  DATED: July 8, 2010

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Jessica R. Kenney
   Jessica R. Kenney, Esq.
   3636 North Central Avenue
   Suite 1050
   Phoenix, AZ 85012
   Attorneys for Movant

File No. AZ-09-15363       8       Case No. 4:09-bk-09703-EWH
TARANTOLACLOSINGBRIEF
Case 4:09-bk-09703-EWH   Doc 77   Filed 07/08/10   Entered 07/08/10 03:01:06   Desc
Main Document     Page 8 of 10

On 7/08/2010, I served the foregoing documents described as **MOVANT'S CLOSING BRIEF** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Ronald Ryan
ronryanlaw@cox.net

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

                                                                     /s/  Lucian Perta

On 7/08/2010, I served the foregoing documents described as **MOVANT'S CLOSING BRIEF** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

UNITED STATES TRUSTEE
Phoenix Division
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

COUNSEL FOR DEBTOR
Ronald Ryan
Ronald Ryan, P.C.
1413 E. Hedrick Drive
Tucson, AZ 85719

DEBTOR
Anthony Tarantola
11201 East Hashknife Circle
Tucson, AZ 85749

TRUSTEE
Dianne C. Kerns
7320 North La Cholla # 154
PMB 413
Tucson, AZ 85741

SPECIAL NOTICE
Barbara Lawall
32 North Stone Avenue, Suite 2100
Tucson, AZ 85701

1  **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**
2
3                                                                          /s/ Warb Wilcox