**ORDERED.**

**Dated: July 29, 2010**



_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| ANTHONY TARANTOLA, ) | Case No. 4:09-bk-09703-EWH |
| ) | |
| Debtor. ) | |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, as Trustee in trust for the ) | |
| Certificateholders for Argent Securities ) | **MEMORANDUM DECISION** |
| Inc., Asset-Backed-Pass-Through ) | |
| Certificates, Series 2004-W8, its assignees ) | |
| and/or successors, ) | |
| ) | |
| Movant, ) | |
| v. ) | |
| ) | |
| ANTHONY TARANTOLA, Debtor; and ) | |
| DIANNE C. KERNS, Chapter 13 Trustee, ) | |
| ) | |
| Respondents. ) | |

### I. <u>INTRODUCTION</u>

Yet again, the court is called upon to decide whether the purported holder of a note allegedly transferred into a securitized mortgage pool has standing to obtain relief from the automatic stay. Yet again, the movant has failed to demonstrate that it has standing. To make matters worse, the movant filed its motion without evidentiary

support of its claim, attempted to create such evidentiary support after the fact, and only disclosed its "real" evidence on the day of the final evidentiary hearing.  The relief will be denied.

## II. **FACTUAL AND PROCEDURAL HISTORY**

On or about November 7, 2003, the Debtor executed and delivered to Argent Mortgage Company, LLC ("Argent Mortgage") an adjustable rate promissory note in the principal sum of $377,600 ("Note") secured by a Deed of Trust ("DOT") on real property located at 11201 East Hashknife Circle, Tucson, Arizona 85749 ("Property").

Shortly after the creation of the instruments, the Note was allegedly placed in a securitized mortgage pool: Asset-Backed Pass-Through Certificates Series 2004-W8, dated May 1, 2004 ("Pool").  (Final Evidentiary Hr'g Tr. 25, 78-79, June 23, 2010, DE #80.)[1]  Under the Pooling and Servicing Agreement dated May 1, 2004 ("PSA"), Argent Securities Inc. ("Argent Securities") is listed as the "Depositor," with Ameriquest Mortgage Co. ("Ameriquest") as the "Master Servicer," and Deutsche Bank National Trust Co. ("Deutsche") as the "Trustee" and initial custodian ("Initial Custodian").  (Ex. 6.)

Movant alleges the servicer for the Pool changed twice since its creation.  (Tr. 25, 35.)  Sometime prior to May 2008, the servicer changed from Ameriquest to Citi

---

[1] Any additional citations to a transcript refer to the Final Evidentiary Hearing Transcript dated June 23, 2010 (DE #80). All exhibit numbers refer to exhibits admitted at the hearing.

2

Residential Servicing Inc. ("Citi Residential"), and then changed again to American Home Mortgage Servicing Inc. ("AHMSI") in May 2008. (Tr. 34.)[2]

As of October 1, 2008, the Debtor was in default on his obligations under the Note. Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code on March 7, 2009. AHMSI filed a Proof of Claim ("POC") on June 29, 2009. Attached to the POC are the following:

    a.    The Note. No endorsements appear on the Note. No allonge is attached to the Note.

    b.    DOT.

    c.    Assignment of Mortgage/Deed of Trust ("Assignment #1") from Argent Mortgage to AHMSI, executed by Citi Residential as servicer for Argent Mortgage. Assignment #1 was notarized June 25, 2009. No recording information appears on Assignment #1.

Deutsche filed a Motion for Relief from Stay ("MRS") on December 8, 2009, on the grounds that the Debtor was in default, had no equity in the Property, and the Property was not necessary for an effective reorganization. (DE #35.) The MRS also requested adequate protection payments to protect Deutsche's alleged interest in the Property. The MRS represented at paragraph 5 that Deutsche is "now the holder of the Note that is secured by the Deed of Trust and is the real party in interest." Attached to the MRS are the following exhibits:

---

[2] Movant provided no documentary evidence to support its allegations regarding changes in servicers.

3

a. The Note. No endorsements appear on the Note. No allonge is attached to the Note.

b. DOT.

c. Assignment of Mortgage/Deed of Trust ("Assignment #2") from Argent Mortgage to Deutsche, executed by AHMSI as servicer for Argent Mortgage. Assignment #2 was notarized November 12, 2009. No recording information appears on Assignment #2.

On January 5, 2010, Deutsche filed a "Notice of Filing Exhibit and Exhibit in Support of Motion for Relief from Automatic Stay" (DE #39), which attaches, as an exhibit, a copy of the Note and, on a separate piece of paper, an "Allonge to Promissory Note" ("Allonge"), which lists a loan number, the Debtor's name, and the Property's address. The undated Allonge purports to assign the Note from Argent Mortgage to Deutsche.

On January 17, 2010, the Debtor filed a response ("Response") to the MRS challenging Deutsche's standing to seek relief from stay. (DE #40.) The Response also raises a number of other arguments, including a claim that Deutsche was required to provide documentation for every assignment of the Note and DOT, that only certificate holders of the Pool can demonstrate standing and that the Debtor is entitled to credit for any third-party payments made to the Pool's certificate holders. At the preliminary hearing on the MRS, the Movant relied on the Allonge to demonstrate its standing. (Mins. of Prelim. Hr'g for MFR 1, DE #45.) The court set an evidentiary hearing for June 15, 2010, which was later vacated by the court and rescheduled to June 23, 2010.

4

On June 18, 2010 ( DE #68), Deutsche filed a "Supplemental Declaration" consisting of a declaration by Jennifer Ward, in her capacity as an employee of AHMSI, as servicer for Deutsche. The Supplemental Declaration asserts at paragraph 8 that Deutsche became the holder of the Note "when an allonge affixed to the original promissory note transferring the Promissory Note to Movant was executed by Karen [sic] Smith" pursuant to the following documents:

- a. corporate resolution appointing Kathy Smith (not Karen) as an Assistant Secretary of AHMSI;
- b. corporate resolution appointing all Assistant Secretaries of AHMSI as officers of Citi Residential, electing such officers to be vice presidents and assistant secretaries ("Special Officers") of Citi Residential;
- c. list of powers of attorneys, which Special Officers of Citi Residential are authorized to execute; and
- d. 2007 Limited Power of Attorney ("LPA") from Argent Mortgage to Citi Residential.

On June 23, 2010, an evidentiary hearing was held on the MRS. At the commencement of the hearing, a motion in limine filed by Deutsche (DE #69) was granted which limited the subject of the hearing to the issue of Deutsche's standing. Deutsche called, as a witness, an employee of AHMSI from its litigation and mediation group who testified that he had brought the original of the Note ("Original") to the hearing. (Ex. 5.) The Original includes two stamped, undated, "without recourse", endorsements (collectively, "Endorsements") which did not appear on any other versions of the Note filed by Deutsche. There is an endorsement from "Argent

5

Mortgage Company" (not "Argent Mortgage Company LLC") to Ameriquest signed by Wayne Lee "President" and also signed by John R. Grazer "EVP/CFO." The second endorsement is in blank, from Ameriquest, signed by Kirk Langs "President" and also signed by John R. Grazer "EVP/CFO."[3]

When asked to explain the disparity between the Original and the copies of the Note attached to Deutsche's MRS and POC, Deutsche's witness testified that, when AHMSI's staff reviewed the Note on its "imaging system," the Allonge was not attached and no other assignments appeared on the imaged Note. (Tr. 47.) The witness further testified that when AHMSI acts as an originator of a loan, loan documents are scanned into an imaging system at closing but not thereafter. (Tr. 49.)

Deutsche admitted into evidence a copy of the Original, the DOT, an unsigned copy of the PSA with all exhibits, including a "Mortgage Loan Purchase Agreement" ("MLPA"), the corporate resolutions, and the LPA which purportedly permitted Kathy Smith to act on behalf of Argent Mortgage. The Debtor admitted into evidence the Allonge and Assignment #2. The Debtor also offered the testimony of a purported expert on loan securitization and portions of that expert's report. Because the court limited the subject of the hearing to Deutsche's standing, the scope of the expert's testimony was also limited to that subject.

---

[3] When Exhibit 5 was first presented, the court expressed concerns over its late disclosure. The court offered to adjourn the hearing to provide Debtor's counsel more time to review the Original with the Endorsements; however, Debtor's counsel agreed to the admission of the Original as long as the record reflected its late disclosure.

6

### III. ISSUES

Does Deutsche have standing to seek relief from the automatic stay**?**

### IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U. S. C. §§ 1334(a) and 157(b)(2)(G).

### V. DISCUSSION

In order to seek relief from the stay, a movant must have a "colorable claim" in the property protected by the automatic stay. In re Weisband, 427 B.R. 13, 18 (Bankr. D. Ariz. 2010) (citing In re Wilhelm, 407 B.R. 392, 400 (Bankr. D. Idaho. 2009); In re Emrich, 2009 WL 3816174, at *1 (Bankr. N.D. Cal. 2009)). Black's Law Dictionary defines a colorable claim as "a claim that is legitimate and that may reasonably be asserted given the facts presented and the current law (or a reasonable and logical extension or modification of the current law)." Black's Law Dictionary 264 (8th ed. 2004). Therefore, in order to have a colorable claim Deutsche must either own the Note or be entitled to enforce the rights provided to the lender in the Note and/or in the DOT.[4]

---

[4] No separate analysis is required of Deutsche's rights under the DOT because it bases its claim of standing solely on being the holder of the Note under Ariz. Rev. Stat. § 47-3301. (Movant's Closing Br. 4, DE #77.)

7

A.  Allonge

At the end of the evidentiary hearing, Deutsche asserted it had met its standing burden based on the Allonge and the Endorsements.[5] The Allonge, however, does not demonstrate that Deutsche had standing to seek relief from stay when it filed the MRS or anytime thereafter.

Deutsche's witness admitted that the Allonge was created after the MRS was filed to "get the attorneys the information they needed." (Tr. 36, 47, 73.) Creation of evidence to support a motion for relief from stay, after filing has been found to violate Fed. R. Bankr. P. 9011(b)(3). See In re Maisel, 378 B.R. 19, 22 (Bankr. D. Mass. 2007) ("parties seeking relief from stay must be aware that by presenting a motion to the court, they represent that 'the allegations' and other factual contentions have evidentiary support").

Deutsche's witness also admitted that the Allonge had not been attached to the Original, but to a copy. (Tr. 79.) The Allonge, therefore, was never properly affixed to the Note and could not accomplish a transfer of the Note under ARIZ. REV. STAT. ANN. § 47-3204(A) (2010).

Last, but certainly not least, even if the Allonge had been affixed to the Original, it would have been ineffective to transfer the Note to Deutsche because the party executing the Allonge had no authority to do so. First, while the Allonge is executed by Kathy Smith "as an Assistant Secretary and Vice President" of Argent, the evidence presented by Deutsche demonstrates that she was instead a "Special Officer of Citi

---

[5] In its closing brief, Deutsche relies exclusively on the Endorsements in arguing that it has standing.

8

Residential Lending Inc." exercising the LPA. But the LPA only authorized assignments in specific circumstances not present here. The LPA is very similar to limited powers of attorney addressed in two other reported decisions. In re Samuels, 415 B.R. 8, 17 (Bankr. D. Mass. 2009); In re Hayes, 393 B.R. 259, 264 (Bankr. D. Mass. 2008). Both cases also involved Deutsche Bank, Argent Mortgage and Citi Residential. In those cases, as here, the limited powers of attorney in question authorized assignments only in connection with certain events such as a repurchase (#6 of the LPA), pay off or refinancing of a note (#7 of LPA).

In this case, as in Samuels and Hayes, the Allonge was not executed in connection with a repurchase or a refinancing of the Note or any other event set out in the LPA. Accordingly, the LPA did not authorize the transfer in the Allonge. Deutsche not only created the Allonge after it filed its MRS and falsely represented that it was affixed to the Original, but it also relied on the LPA authorizing the transfer of the Note when substantially identical powers of attorney have been held to be ineffective in reported decisions involving Deutsche.

B. Endorsements

Because the Allonge was ineffective (as well as fabricated after the fact), Deutsche's standing depends on the validity of the Endorsements. Deutsche claims that it is the holder of the Note because when the Original was finally produced, it contained an endorsement in blank.

Under Arizona law, when an instrument is endorsed in blank, it becomes a bearer instrument, and may be negotiated by transfer of possession alone. ARIZ. REV. STAT. ANN. § 47-3205(B). Normally, under Fed. R. Evid. 902(9), the Original, as

commercial paper, is entitled to a presumption of authenticity. Furthermore, U.C.C. § 3-307 (ARIZ. REV. STAT ANN. § 47-3307(B)) presumes the genuineness of signatures in negotiable instruments. But, under ARIZ. REV. STAT. ANN. § 47-3308, when the validity of an endorsement is challenged, the burden of demonstrating authenticity is on the party asserting it.[6]

In its closing brief, Deutsche asserts that the difference between the Original and the versions of the Note attached to the MRS and POC can be explained by the so-called "common practice" in the mortgage industry of imaging notes and deeds of trust at the time a loan is originated and not updating the electronic file thereafter. However, there is nothing in the record which demonstrates that this was the common practice of Argent Mortgage. In fact, the testimony of Deutsche's witness was based on the practices of AHMSI, which was not the originator of the Note and did not become the servicer until 2008. The witness' explanation as to why the copies of the Note on the "imaging system" did not contain the Endorsements is nothing more than speculation. Therefore, in light of Deutsche's admission that it fabricated the Allonge, and in the absence of any credible explanation for the difference of the Original from other filed versions of the Note, the court will not apply the usual evidentiary presumptions of validity to the Endorsements.

In order to prove the Endorsements' validity, Deutsche must demonstrate that the Endorsements were executed by a party with authority, acting for an entity that owned

---

[6] In this case, Debtor previously challenged the validity of the signature on the Allonge, but due to the late disclosure of the Original, Debtor was unable to file a written challenge to the Endorsements before the evidentiary hearing. Debtor has challenged the validity of the Endorsements in his closing brief. (Resp't Post Trial Br. 7, DE #78.)

10

the Note when the Endorsements were executed. Deutsche's witness, however, did not know the identity of the parties who executed the Endorsements or the date the Endorsements were executed.[7]

In the alternative, Deutsche may be able to rely on the PSA and its various exhibits to demonstrate that the Note was transferred to the Pool.[8] In <u>In re Samuels</u>, the court found:

> The PSA itself, in conjunction with the schedule of mortgages deposited through it into the pool trust, served as a written assignment of the designated mortgage loans, including the mortgages themselves.

415 B.R. at 18.

In this case, as in <u>Samuels</u>, the PSA includes requirements for assigning notes and mortgages into the Pool. Section 2.01 of the PSA provides, in relevant part, that all the "Mortgage Loans identified on the Mortgage Loan Schedule" will be delivered to the Pool Trustee ("Deutsche") in the following form:

> The original Mortgage Note, endorsed in blank without recourse, or in the following form: "Pay to the Order of Deutsche Bank National Trust Company, as Trustee under the "applicable agreement, without recourse."

However, the Endorsements do not satisfy Section 2.01 because, even if they are assumed to be valid, there is no endorsement from Argent Mortgage (the originator

---

[7] Indeed, the witness did not even know where the Original was maintained by AHMSI. He only knew he received it from the "doc prep" division of AHMSI after requesting it the week of the evidentiary hearing. (Tr. 49-50, 85).

[8] Debtor argues that any assignment of the Note after the "cutoff date" of the PSA would be ineffective because it would violate REMIC and the PSA terms. (Resp't's Resp. to Mot. 2, DE #40.) However, an assignment to the Pool is not necessarily ineffective after the "cutoff date." As noted by the court in <u>Samuels</u>: "Even if this direct assignment were somehow violative of the PSA, giving rise to unfavorable tax, regulatory, contractual, and tort consequences, neither the PSA nor those consequences would render the assignment itself invalid." 415 B.R. at 22.

11

of the Note) in blank or to Deutsche.  Furthermore, the "Mortgage Schedule" referred to Section 2.01 was not offered into evidence by Deutsche, so there is nothing which identifies the Note as having been transferred to the Pool through the PSA.

The transfer of the loans under the PSA could have also occurred under the MLPA.  The MLPA lists Argent Securities as the Depositor and Ameriquest Mortgage Co. (the original loan servicer under the PSA) as the Seller.  The MLPA provides, in relevant part, as follows:

> Section 4.  TRANSFER OF THE MORTGAGE LOANS
>
> (b)  DELIVERY OF MORTGAGE LOAN DOCUMENTS.  The Seller [Ameriquest] will, on or prior the Closing Date, deliver or cause to be delivered to the Purchaser [Argent Securities] or any assignee, transferee or designee of the Purchaser each of the following documents for each Mortgage Loan:
>
> (i)  the original Mortgage Note, endorsed in blank, without recourse, or in the following form: "Pay to the order of Deutsche Bank National Trust Company, as Trustee under the applicable agreement, without recourse,

The Endorsements arguably meet the requirements of MLPA because there is an endorsement from Argent Mortgage (loan originator) to Ameriquest (seller under the MLPA) and an endorsement in blank from Ameriquest, which would satisfy the MLPA's requirement of delivering to the Trustee a "Mortgage Note, endorsed in blank."  But, Deutsche did not offer into evidence any document which demonstrates that the Note was, in fact, sold to Deutsche under the MLPA.  The MLPA identifies a "Closing Schedule" (Section 2 of the MLPA) which lists all notes and mortgages being sold to Deutsche, but Deutsche did not offer it (or any other document) into evidence which demonstrated that the Note was actually transferred into the Pool.  This case, therefore,

12

is distinguishable from Samuels where the Mortgage Loan Schedule to the PSA and the Closing Schedule to the MLPA, both of which identified the Debtor's loan, were offered into evidence. 415 B.R. at 18.

Frankly, the court is puzzled by Deutsche's inability to offer competent evidence of its standing. Presumably, the PSA places obligations on Deutsche as the Initial Custodian and as Trustee to maintain records, including original notes and mortgages as well as documentation of all assignments of pooled of notes and mortgages. Deutsche and its servicer, therefore, should be able to easily produce the documents needed to prove standing. Instead of doing so, Deutsche, through its servicer and its counsel, filed the MRS without any evidence of standing, thereafter created an ineffective Allonge and falsely represented that it was attached to the Original. It then waited until the last possible moment to obtain the Original, disclosed the existence of the Original through the testimony of a witness, instead of bringing it to the court's attention at the commencement of the evidentiary hearing, and failed to satisfactorily explain the discrepancies between the Original and earlier filed versions of the Note.

Deutsche is not entitled to a *prima facie* evidentiary presumption of the validity of the Endorsements and has not otherwise demonstrated the Endorsements are authentic. Deutsche has also not demonstrated that the Note was transferred to Deutsche under the PSA or the MLPA. It has failed to demonstrate that it has a colorable claim in the Note and, therefore, it is not entitled to relief from the stay.

Deutsche may attempt to address the defects identified in this Memorandum Decision by filing an amended motion. However, because of the tortured history of the filings made by Deutsche, Deutsche, its servicer, and its counsel must be certain that

13

any future pleadings are filed only after adequate due diligence is undertaken to assure that the pleadings are correct. Given the deficient and misleading nature of Deutsche's filings, the court seriously considered issuing an order to show cause as to why sanctions should not be imposed on Deutsche, its servicer, and its lawyers, especially in light of the fact that sanctions were entered by another court, involving Deutsche, AHMSI and counsel, for conduct similar to the facts in this case. See In re Lee 408 B.R. 893 (Bankr. C.D. Cal. 2009). Because the court is mindful of the stress confronted by all parties in consumer cases, no *sua sponte* sanctions order will be issued. Deutsche, AHMSI and counsel should, however, treat this decision as a warning. If, in the future, the court is confronted with filings as deficient and incorrect as filed in this case, the court will issue an order to show cause and consider imposing sanctions including, but not limited to, an award of fees to debtors' counsel for having to oppose motions filed without proper evidence or worse with improper evidence.

## VI. CONCLUSION

Deutsche has failed to satisfy its burden of demonstrating that it is a "party in interest" under 11 U.S.C. §362 (d)(1) entitled to relief from the automatic stay. A separate order denying Deutsche's Motion for Relief from Stay will be issued this date.

Dated and signed above.

14

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Ronald Ryan, Esq.
Ronald Ryan, P.C.
1413 East Hedrick Drive
Tucson, AZ 85719-2633
Attorney for Debtor

Anthony Tarantola
11201 East Hashknife Circle
Tucson, AZ 85749
Debtor

Paul Levine, Esq.
Jessica R. Kenney, Esq.
McCarthy ◆ Holthus ◆ Levine
3636 North Central Ave., Suite 1050
Phoenix, AZ 85012
Attorneys for Movant

Hilary B. Bonial, Esq.
Brice, Vander Linden & Wernick, P.C.
PO Box 829009
Dallas, TX 75382-9009
Attorneys for American Home Mortgage Servicing, Inc.

American Home Mortgage Servicing, Inc.
4875 Belfort Rd., Suite 130
Jacksonville, FL 32256

Terri A. Roberts, Esq.
German Yusufov, Esq.
Pima County Attorneys Office
32 North Stone Ave., Suite 2100
Tucson, AZ 85701-1412
Attorneys for Pima County

Charles H. Whitehill, Esq.
Charles H. Whitehill PC
110 South Church Ave., Suite 4398
Tucson, AZ 85701
Attorneys for TLR, LLC

15

| | |
|---|---|
| 1 | Dianne C. Kerns |
| 2 | Chapter 13 Trustee<br>7320 North La Cholla #154 PMB 413 |
| 3 | Tucson, AZ  85741-2305 |
| 4 | U.S. Trustee's Office |
| 5 | 230 North First Ave., Suite 204<br>Phoenix, AZ  85003 |

16