Paul M. Levine, Esq. (007202)
Matthew Silverman, Esq. (018919)
Jessica Kenney, Esq. (026615)
**MCCARTHY ◆ HOLTHUS ◆ LEVINE**
3636 North Central Avenue, Suite 1050
8502 E. Via de Ventura, Suite #200
Scottsdale, Arizona 85258
Telephone: 480(302-4100
plevine@mhlevine.com
*Attorneys for Defendant Deutsche Bank National
  Trust Company*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| ANTHONY TARANTOLA, | ) | Case No. 4:09-bk-09703-EWSH |
| | ) | |
| Debtor. | ) | |
| | ) | **SUPPLEMENTAL BRIEF IN SUPPORT** |
| | ) | **OF MOTION FOR** |
| DEUTSCHE BANK NATIONAL TRUST | ) | **RECONSIDERATION** |
| COMPANY, as Trustee in trust for the | ) | |
| Certificateholders for Argent Securities Inc., | ) | |
| Asset-Backed-Pass-Through Certificates, | ) | |
| Series 2004-W8, its assignees and/or | ) | |
| successors, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY TARANTOLA, Debtor; and | ) | |
| DIANNE C. KERNS, Chapter 13 Trustee, | ) | |
| | ) | |
| Respondents | ) | |

Movant, Deutsche Bank National Trust Company ("Deutsche"), by and through its counsel undersigned, submits this Supplemental Brief in support of its Motion for Reconsideration. Deutsche respectfully submits that it complied with Ethical Rule 3.3 concerning the disclosure of the Original Note.

AZ10-3871

Ethical Rule 3.3, Candor Toward the Tribunal, states in pertinent part as follows:

>   (a)  A lawyer shall not knowingly:
>
>   * * *
>
>   (3) offer evidence that the lawyer knows to be false.  If a lawyer, the lawyer's client or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.  A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonable believes is false.

The comments to this Rule state that, among other things, the duty is premised on the lawyer's obligation as an officer of the court "to prevent the trier of fact from being misled by false evidence."  If a lawyer subsequently learns that certain evidence was not accurate, the lawyer must take "reasonable remedial measures".  It is respectfully submitted that at the hearing on June 23, 2010, both Deutsche and its counsel took **reasonable remedial measures** by bringing to the court's attention the discrepancy between the Original Note and the Note attached to the Motion for Relief.   To assist the court, the following chronology is presented:

| Time | Event |
|---|---|
| 9:14 a.m. | Hearing begins and counsel introduce themselves. |
| 9:15 a.m. | Motion in Limine is argued. |
| 9:28 a.m. | David Merrill called to the witness stand. |
| 9:31 a.m. | Witness asked about Original Adjustable Rate Note (**Exhibit No. 5.**) |
| 9:35 a.m. | Exhibit No. 5 moved into evidence. |
| 9:36 a.m. | Exhibit No. 5 admitted into evidence. |
| 9:37 a.m. – 9:42 a.m. | Discussion between the court and counsel regarding the Pooling and Servicing Agreement. |
| 9:41:46 a.m. | Count comments: "I am not sure the Note is the same one that I saw in previous filings by your client.  I'm not getting there yet." |
| 9:42 a.m. | Continued discussion about Pooling and Servicing Agreement. |

2

| | | |
|---|---|---|
| 1 | 9:42 a.m. | Jessica Kenney states: "There is an issue with Exhibit 5 which is the Original Note." |
| 2 | | |
| 3 | 9:42 a.m. | Court comments: "We'll get to that." |
| 4 | 9:42 a.m.<br>9:43 am. | Continued discussion regarding Pooling and Servicing Agreement. |
| 5 | | |
|   | 9:43:37 a.m. | Deutche counsel states: "To best utilize the court's time while Ms. Kenney is looking for that can I move on to another issue apart from this agreement? Mr. Merrill, I want to address an issue that has come up concerning the Adjustable Rate Note. Take a look at Exhibit 5, that's the Adjustable Rate Note. Look at the original. For purposes of this examination look at the original. You testified that the original Adjustable Rate Note is the same thing as Exhibit 5, right? |

A. That is correct.

Q. All right. Early on in this case there was a different Note that was attached to the Motion for Relief from Stay. Are you aware of that?

A. I am aware of that.

Q. Is Exhibit 5 a true and accurate copy of the actual original Note.

A, Yes it is.

Q. Now the Note that was attached to the Motion for Relief was also signed by Mr. Tarantola correct?

A. That is correct.

Q. But it had an Allonge attached to it.

A. That is correct.

Q. Can you explain to the court why there is a discrepancy between the original Adjustable Rate Note, Exhibit 5, and the Note that is attached to the Motion for Relief?

Within the first 15 minutes of the hearing, the issue concerning the discrepancy between the Original Note and the copy of the Note attached to the Motion for Relief was discussed with the witness. During that 15 minute period, much time was lost concerning evidentiary issues and the fact that exhibits were not readily available to the parties and the court. However, after the

3

Main Document    Page 3 of 6

admission of the Note and the Pooling and Servicing Agreement, counsel and the witness immediately addressed the discrepancy between the Note attached to the Motion for Relief and the original Note.

Deutsche and its counsel reasonably believed that the best way to explain the discrepancy between the Note attached to the Motion for Relief and the Original Note was through the witness. Deutsche and its counsel respectfully submit that, under the circumstances, it took "reasonable remedial measures" to advise the court of the discrepancy. Only through the Deutsche witness could the discrepancy be explained. This was done within the first few minutes of the hearing.

Deutsche respectfully submits that this case is distinguishable from In *Re: Lee,* 408 B.R. 893 (BK. C.D. Cal. 2009). In *Lee¸* the issue was whether "Counsel…knowingly allowed a relief from stay motion to go to trial…on the evidence that movant owned the underlying promissory note without (a) informing the court that movant had sold the underlying promissory note to a party not before the court, and (b) that, contrary to the evidence submitted, the copy of the note filed with the motion was not a true and correct copy." *Id*, p. 896. Here, there is no issue regarding who owned the underlying promissory note. Further, the motion for relief did <u>not</u> go forward based on a failure to disclose that a copy of the note attached to the motion was not a true and correct copy. As set forth above, at the earliest opportunity with its witness, Deutsche brought to the court's attention the discrepancy between the Note attached to the motion for the relief and the Original Note before the court. Further, in *Lee*, the court issued an order to show cause re: sanctions based on counsel's failure to disclose that "the copy of the note attached to the moving papers was not a true and correct copy of the promissory note."

In *Lee*, the court stated that counsel had a duty, upon discovering the difference in the original note, to bring this to the court's attention at the first opportunity. While the court in *Lee* believed that counsel could have brought this to the court's attention at the beginning of the trial, before testimony was taken, counsel did not do so. The court said that counsel should have known of the discrepancy and should have disclosed it. While this court's opinion indicated that

4

counsel should have brought it to this court's attention at the commencement of the Evidentiary Hearing, undersigned counsel believed the best way to do that was through the testimony of its witness, so that an explanation could be offered. There was no attempt to mislead the court or counsel or withhold information. The original Note was brought to the court and a copy was delivered to Debtor's counsel prior to the hearing, immediately upon receipt by Movant's counsel.

Deutsche and its counsel apologize to the court and debtor's counsel for the discrepancy. However, it is respectfully submitted that there was no attempt to mislead either the court or counsel. The explanation of the discrepancy was elicited through Deutsche' witness. This was Deutsche and its counsel's exercise of reasonable remedial measures, per ER 3.3. Accordingly, Deutsche and its counsel respectfully request that the court reconsider its decision with respect to the issue of the disclosure of the discrepancy to the court.

**RESPECTFULLY** submitted this 13th day of October, 2010.

                **MCCARTHY ◆ HOLTHUS ◆ LEVINE**

By: /s/Paul M. Levine
    Paul M. Levine, Esq. (007202)
    Matthew Silverman, Esq. (018919)
    Jessica Kenney, Esq. (026615)
    8502 E. Via de Ventura, Suite #200
    Scottsdale, Arizona 85258
    *Attorneys for Defendant Deutsche Bank National Trust Company*

Notice to be sent through the Bankruptcy Noticing Center "BNC" to the following:

Ronald Ryan, Esq.
Ronald Ryan, P.C.
1413 East Hedrick Drive
Tucson, AZ 85719-2633
Attorney for Debtor

Anthony Tarantola
11201 East Hashknife Circle
Tucson, AZ 85749
Debtor

Hilary B. Bonial, Esq.
Brice, Vander Linden & Wernick, P.C.
P.O. Box 829009
Dallas, Texas 75382-9009
Attorneys for American Home Mortgage Servicing, Inc.
American Home Mortgage Servicing, Inc.
4875 Belfort Road, Suite 130
Jacksonville, FL 32256

Terri A. Roberts, Esq.
German Yusufov, Esq.
Pima County Attorneys Office
32 North Stone Avenue, Suite 2100
Tucson, AZ 85701-1412
Attorneys for Pima County

Charles H. Whitehill, Esq.
Charles H. Whitehill PC
110 South Church Avenue, Suite 4398
Tucson, AZ 85701
Attorneys for TLR, LLC

Dianne C. Kerns
Chapter 13 Trustee
7320 North La Cholla #154 PMB 413
Tucson, AZ 85741-2305

U.S. Trustee's Office
230 North First Avenue, Suite 204
Phoenix, AZ 85003


By: /s/Joan B. Pyles